BARNETT, State Bank Commissioner of Oklahoma, v. AMERICAN SURETY CO. OF NEW YORK.

No. 1134.

Circuit Court of Appeals, Tenth Circuit.
April 27, 1935.

W. C. Austin, of Altus, Okl., and M. B. Cope, of Oklahoma City, Okl. (Robert B. Harbison, of Altus, Okl., on the brief), for appellant.

Stephen Chandler and R. W. Fowler, both of Oklahoma City, Okl. (John Tomerlin and Troy Shelton, both of Oklahoma City, Okl., on the brief), for appellee.

Before LEWIS and PHILLIPS, Circuit Judges, and KENNEDY, District Judge.

LEWIS, Circuit Judge.

On November 20, 1931, the Farmers State Bank, of Olustee, Oklahoma, a banking corporation organized under the laws of Oklahoma, became and was insolvent. It was taken over for liquidation by the State Bank Commissioner of Oklahoma. When the bank closed it was indebted to D. Buddrus as Cashier and Special Disbursing Agent of the Five Civilized Tribes, Department of the Interior of the United States, in the sum of $9,500 with interest by reason of a deposit made in said bank to his official credit of individual Indian moneys of members of said tribes held in trust by the United States. Payment of said deposit was secured by a bond executed and delivered to the United States as obligee April 22, 1929, by the bank as principal and American Surety Company of New York, a New York corporation, as surety in the penal sum of $10,000.

A proof of claim alleging that the bank was indebted to "D. Buddrus, Cashier & S. D. A." in the sum of $9,516.62 upon "Time deposit of Individual Indian Moneys" with interest was filed by said official with the Bank Commissioner December 23, 1931. On December 31, 1931, Buddrus wrote the liquidating agent in charge of the bank that he was informed that claims upon government deposits in other banks had been considered as preferred, and requested information as to the status of his claim. The liquidating agent replied that his claim could only be accepted as a common claim.

On January 25, 1932, a "Liquidating Agent's Certificate of Proof of Claim" was issued, which certified that "D. Buddrus, Cashier, has this day made legal and satisfactory proof that the Department of the

Interior, U. S. A., is a creditor of Farmers State Bank, Olustee, Oklahoma, to the amount of $9,516.62."

Thereafter the surety company discharged its obligation on the bond by paying the bank's debt to the United States in full, and the claim against the bank was assigned to it. The surety company then brought this suit to recover the money paid out on the bond and establish priority under 31 USCA § 193, over depositors and other creditors. The court below found in favor of the surety company, whereupon the Bank Commissioner brought this appeal.

Appellee's claimed priority is based upon sections 191, 192 and 193, 31 USCA.

Section 191 (R. S. § 3466) provides: *"Priority established.* Whenever any person indebted to the United States is insolvent, or whenever the estate of any deceased debtor, in the hands of the executors or administrators, is insufficient to pay all the debts due from the deceased, the debts due to the United States shall be first satisfied; and the priority established shall extend as well to cases in which a debtor, not having sufficient property to pay all his debts, makes a voluntary assignment thereof, or in which the estate and effects of an absconding, concealed, or absent debtor are attached by process of law, as to cases in which an act of bankruptcy is committed."

Section 192 (R. S. § 3467) provides: *"Liability of fiduciaries.* Every executor, administrator, or assignee, or other person, who pays, in whole or in part, any debt due by the person or estate for whom or for which he acts before he satisfies and pays the debts due to the United States from such person or estate, shall become answerable in his own person and estate to the extent of such payments for the debts so due to the United States, or for so much thereof as may remain due and unpaid."

Section 193 (R. S. § 3468) provides: *"Priority of sureties.* Whenever the principal in any bond given to the United States is insolvent, or whenever, such principal being deceased, his estate and effects which come to the hands of his executor, administrator, or assignee, are insufficient for the payment of his debts, and, in either of such cases, any surety on the bond, or the executor, administrator, or assignee of such surety pays to the United States the money due upon such bond, such surety, his executor, administrator, or assignee, shall have the like priority for the recovery and receipt of the moneys out of the estate and effects of such insolvent or deceased principal as is se-

cured to the United States; and may bring and maintain a suit upon the bond, in law or equity, in his own name, for the recovery of all moneys paid thereon."

The bank had insufficient property to pay its debts and liabilities. Admittedly it was insolvent, and because thereof it was the duty of the Bank Commissioner to take charge of the bank and its property under the laws of Oklahoma. Is it now the Bank Commissioner's duty to prefer appellee's claim under the above Federal statutes, or to require appellee to participate pro rata with other claimants? The Bank Commissioner makes the latter contention, and cites section 9185, Okl. St. 1931, which provides:

"On and after the passage and approval of this Act, in all cases where a Surety Company is compelled to pay or voluntarily pays a depository bond securing the payment of deposits of any State, County, Municipal or other public fund for which it is liable in a failed bank operating under the laws of this State, such surety company shall be entitled to participate in a pro rata division of the proceeds of the assets of any such bank, including the liability of its officers, stockholders and directors with the depositors of said bank; and the Bank Commissioner shall have exclusive control of the administration and collection of the assets of failed banks for payment of depositors until the depositors shall have been fully reimbursed or the liquidation of said bank completed, and the Bank Commissioner and his liquidating agent shall pay to such surety company the pro rata share of the proceeds of such assets from time to time as collections from such assets are made; and such surety company in writing such a depository bond for any such bank, specifically agrees to such administration, and that the Bank Commissioner's jurisdiction shall be exclusive; provided that the provisions of this Section do not apply to state banks that failed prior to the passage and approval of this Act." Sess. Laws 1923, c. 137, § 4.

By a later statute Oklahoma state banks are permitted to receive deposits of Indian funds such as the deposit here in question. Section 9115, Okl. St. 1931 (Sess. Laws 1931, c. 40, § 1).

The indebtedness of the bank upon the deposit of Indian Moneys was an indebtedness to the United States within the meaning of the above Federal statutes. Possession and control of the insolvent bank and its property was given to the Bank Commissioner, who was charged with the duty of applying it to payment of the bank's debts.

A debt due the United States is required to be first satisfied by the Bank Commissioner. The surety company became subrogated to the priority of the United States by payment of its claim against the bank. Bramwell v. U. S. Fidelity Co., 269 U. S. 483, 46 S. Ct. 176, 70 L. Ed. 368; Mothersead v. U. S. Fid. & Guaranty Co. (C. C. A. 8) 22 F.(2d) 644. That Congress had power to enact priority statutes cannot now be doubted, and its enactments thereunder must prevail over state laws.

Appellant further contends that, although the United States might have had priority, appellee has no priority because the proof of claim filed by Buddrus and the certificate of proof of claim issued by the liquidating agent and assigned to appellee did not claim or grant a priority. Those instruments show that the deposit at all times was treated by the parties as a deposit of government funds. Appellee's right is not founded upon the claim filed and the certificate of proof of claim, but upon the bond itself and the Federal statutes. The statutes make the Bank Commissioner a trustee for the United States, and appellee became subrogated to the right of the United States to prior payment.

█ Section 9185, supra, deals with depository bonds securing deposits of "State, County, Municipal or other public fund." The term "or other public fund" must be restricted to funds ejusdem generis. The statute as thus construed does not apply to depository bonds securing government funds. We do not think the state legislature intended to create a conflict between this statute and the Federal statutes we have been considering.

Affirmed.