Amos L. Taylor, executor, *vs.* United States.

Middlesex. February 9, 1949. — September 28, 1949.

Present: Qua, C.J., Lummus, Ronan, Wilkins, & Spalding, JJ.

*Taxation,* Recovery of tax. *Executor and Administrator,* Short statute of limitations, Taxes, Claim by United States, Insolvent estate. *Limitations, Statute of. Jurisdiction,* Statute of limitations, State courts. *Probate Court,* Jurisdiction. *Evidence,* Presumptions and burden of proof.

A claim of the United States for a tax assessed against one whose estate after his death was being administered in a Probate Court in this Commonwealth could not properly be disallowed on the bare ground that it was barred by G. L. (Ter. Ed.) c. 197, § 9, as amended; the pertinent statute of limitation was U. S. C. (1946 ed.) Title 26, § 276 (c).

Presentation of a tax claim by the United States to commissioners appointed by a Probate Court in respect to an insolvent estate of a decedent is a "proceeding in court" within U. S. C. (1946 ed.) Title 26, § 276 (c).

Neither § 9 of G. L. (Ter. Ed.) c. 197, as amended, nor the last sentence of § 2 of c. 198, imposes a jurisdictional bar to a claim filed, after the period of limitation defined in § 9 has run, with commissioners appointed by a Probate Court in respect to an insolvent estate of a decedent.

The provisions of U. S. C. (1946 ed.) Title 26, § 3744, did not deprive a Probate Court of this Commonwealth of jurisdiction to adjudicate upon a claim of the United States for a tax presented to commissioners in insolvency in the course of administration of an insolvent estate of a decedent, where the merits of the claim had never been and were not in dispute and the only defence urged against the claim related merely to the application of a statute of limitation; the presentation of the claim was not a suit for the recovery of the tax within the Federal statute.

Where the record before this court was silent on the matter, it was presumed that, if an authorization by Federal officers was required by U. S. C. (1946 ed.) Title 26, § 3740, for the presentation, to commissioners appointed by a Probate Court in this Commonwealth in the administration of the estate of a decedent alleged to be insolvent, of a claim of the United States for a tax assessed against the decedent which on its merits was undisputed, such authorization had been procured.

PETITION, filed in the Probate Court for the county of Middlesex on January 29, 1948.

The case was heard by *Poland*, J.

*F. G. Rita*, Special Assistant to the Attorney General, (*W. A. Garrity, Jr.*, Assistant United States Attorney, with him,) for the respondent.

*W. Noyes*, (*S. B. Anderson* & *A. L. Taylor, Jr.*, with him,) for the petitioner.

QUA, C.J. This petition was addressed to the Probate Court by the surviving executor of the will of Jesse P. Lyman, who prays that the estate, for which commissioners in insolvency had previously been appointed, be now determined to be solvent, and that either the report of the commissioners purporting to deal with claims be disallowed in its entirety, or that all unsatisfied claims on which no action was seasonably brought be disallowed.

Among the claims which the commissioners allowed was

a claim of the United States in the sum of $67,868.59 for income taxes of the years 1930 and 1931. On the present petition, the Probate Court entered a decree declaring the estate solvent, disallowing the claims of certain creditors, and also disallowing the claim of the United States, in so far as it related to the tax of 1930, on the ground that the claim for that tax was barred by the short statute of limitation, G. L. (Ter. Ed.) c. 197, § 9. See now said section as amended by St. 1933, c. 221, § 4. The claim of the United States was accordingly allowed by the court in the reduced sum of $35,878.23. Only the United States appeals. For previous litigation in connection with this estate and with the claim of the United States for taxes see *Jose* v. *Lyman,* 316 Mass. 271; *United States* v. *Lyman,* 125 Fed. (2d) 67; and *Lyman* v. *United States,* 138 Fed. (2d) 509.

The pertinent facts relative to the claim of the United States for the tax of 1930 appear from a report of facts by the judge which was obviously intended to be a complete report of the material facts. The amount claimed for the tax of 1930 was assessed against Jesse P. Lyman May 25, 1931. He died September 14, 1931. His executors were appointed and qualified October 6, 1931. They gave due notice of their appointment and filed an affidavit of that notice. It follows that if the short statute of limitation is applicable the executors cannot be "held to answer to an action by a creditor of the deceased which . . . [was] not commenced" by October 6, 1932. G. L. (Ter. Ed.) c. 197, § 9. No action was commenced by the United States before or on that date. The executors filed a representation of probable insolvency on January 4, 1933. On March 31, 1933, the court appointed commissioners "to receive and examine all claims of creditors" against the estate. G. L. (Ter. Ed.) c. 198, § 2. The United States filed its claim with the commissioners "some time after their appointment." They returned their report, allowing the claim for the tax of 1930, on January 3, 1934. As the result of the former litigation ending in a compromise the estate is now solvent.

1. We think it plain that the claim of the United States for the tax of 1930 could not properly be disallowed on the bare ground that it was barred by the one year statute of limitation. We consider it settled that a claim of the United States is not barred, even in a State court, by a State statute of limitation or by the laches of officers or agents of the United States. *Davis* v. *Corona Coal Co.* 265 U. S. 219. *United States* v. *Summerlin,* 310 U. S. 414, 416. *United States* v. *Commissioner of Banks,* 254 Mass. 173, 175–176. *Boston* v. *Nielsen,* 305 Mass. 429, 430. It appears to us that the pertinent statute of limitation is to be found in what is now U. S. C. (1946 ed.) Title 26, § 276 (c), which provides that where the assessment of any Federal income tax has been made within the period of limitation properly applicable thereto, "such tax may be collected by distraint or by a proceeding in court, but only if begun (1) within six years after the assessment of the tax . . .." The claim of the United States must necessarily have been presented to the commissioners before they returned their report allowing it on January 3, 1934, and was therefore presented within six years after the assessment made in 1931. And the presentation of a claim to a State Probate Court for allowance has been held in all cases which have come to our attention to be "a proceeding in court" within § 276 (c). *United States* v. *Ettelson,* 159 Fed. (2d) 193. *United States* v. *Paisley,* 26 Fed. Sup. 237. *United States* v. *First National Bank,* 54 Fed. Sup. 351. Compare *Berrymont Land Co.* v. *Davis Creek Land & Coal Co.* 110 W. Va. 305, 310.

2. The executor, however, although conceding that, in general, the United States as a body politic can pursue its claims in State courts (*Cotton* v. *United States* 11 How. 229; *Claflin* v. *Houseman,* 93 U. S. 130; *Testa* v. *Katt,* 330 U. S. 386), contends that the effect of the short statute of limitation was to deprive the Probate Court of jurisdiction over any claim against which that statute had run, and that since the State fixes the jurisdiction of its own courts and cannot be required to hold them open solely for claims of the United States of a kind which would otherwise be beyond

their jurisdiction, the Probate Court and the commissioners appointed by it had no jurisdiction over the claim in question. See *United States* v. *Summerlin,* 310 U. S. 414; *Schaffer* v. *Leimberg,* 318 Mass. 396, 404. We cannot adopt this contention. The short statute of limitation does not impose a jurisdictional bar. Failure to observe its requirements is merely an error in the conduct of the case, as would be failure to enforce other applicable defences. Such failure does not render the decision void, as it would be if the court had no jurisdiction over the subject matter. See *Hendrick* v. *Whittemore,* 105 Mass. 23, 27. This statute is not limited to insolvent estates. It finds its principal use in courts of general jurisdiction over the litigation of claims. It cannot be supposed that the judgments in all cases in which errors have been made in not applying statutes of limitation are void and of no effect for want of jurisdiction. This is settled by *Castaline* v. *Swardlick,* 264 Mass. 481. This principle applies to the short statute of limitation as well as to other statutes of limitation. There are some intimations tending to that effect in our decisions. *Brown* v. *Anderson,* 13 Mass. 201, 203. *Dawes* v. *Shed,* 15 Mass. 6. *Lamson* v. *Schutt,* 4 Allen, 359, 360. *Robinson* v. *Hodge,* 117 Mass. 222, 225. The last sentence of G. L. (Ter. Ed.) c. 198, § 2, reading, "All debts of the estate of said deceased not at the time of such finding [of probable insolvency] barred by any statute of limitations may be allowed either by said commissioners or by said court," was intended only to indicate beyond doubt that statutes of limitation barred claims against insolvent estates as against other estates. It could not have been intended to render the limitation jurisdictional where the claim is presented to the Probate Court or to commissioners of that court, when it would not be jurisdictional if the same claim were tried out in the Superior Court according to § 31. Moreover, the first sentence of § 2 provides that the commissioners are to "receive and examine *all claims* of creditors against such estate, and to return a list of *all claims* presented to them" (emphasis supplied). This sentence determines the jurisdiction of the commissioners

rather than the second sentence which contains the reference to statutes of limitation. Our conclusion finds support in *United States* v. *Hoar*, 2 Mason, 311, *United States* v. *Embrey*, 145 Fla. 277, *United States, appellant*, 137 Maine, 302, 305–306, and *Commerce Union Bank* v. *Gillespie*, 178 Tenn. 179, 194–195. The case of *In re Estate of Paulson*, 208 Minn. 231, 233–234, was decided against a different statutory background, and the court there said that the State statute "probably does not affect claims in favor of government, state or national" (page 234). The case of *First Portland National Bank* v. *Taylor*, 323 Mass. 492, 496, is not contrary to what is here decided.

3. The executor makes the more far reaching contention that because of the wording and the history of U. S. C. (1946 ed.) Title 26, §§ 3744 and 3745 (c), a suit to recover taxes, as distinguished from "fines, penalties, and forfeitures," must at all times material to this case have been brought in a District Court of the United States and could not be brought in a State court.[1] There would seem to be some plausibility in this contention, although the only statement we have seen purporting to touch directly upon the point is a dictum to the contrary. *United States* v. *Peoples Trust & Savings Co.* 97 Fed. (2d) 771, at page 773. See *Matter of Gellatly*, 283 N. Y. 125; *Matter of Smathers*, 249 App. Div. (N. Y.) 523; *Harrison* v. *Deutsch*, 294 Ill. App. 8.

---

[1] These two sections now read as follows: " § 3744. Suits for taxes. Taxes may be sued for and recovered in the name of the United States in any proper form of action, before any district court of the United States, for the district within which the liability to such tax is incurred, or where the party from whom such tax is due resides at the time of the commencement of the said action." " § 3745. Suits for fines, penalties, and forfeitures . . . . (c) Plaintiff, proceedings, and venue. All suits for fines, penalties, and forfeitures, where not otherwise provided for, shall be brought in the name of the United States, in any proper form of action, or by any appropriate form of proceeding, qui tam or otherwise, before any district court of the United States for the district within which said fine, penalty, or forfeiture may have been incurred, or before any other court of competent jurisdiction."

For the history of these sections see Act of March 8, 1806, 2 U. S. Sts. at Large, 354; Act of April 21, 1808, 2 U. S. Sts. at Large, 489; Act of March 3, 1815, 3 U. S. Sts. at Large, 244; Act of June 30, 1864, § 41, 13 U. S. Sts. at Large, 239; Act of July 13, 1866, § 41, 14 U. S. Sts. at Large, 111; U. S. Rev. Sts. [1878], § 3213; Act of March 3, 1911, c. 231, § 289, 36 U. S. Sts. at Large, 1167; U. S. Comp. Sts. [1918], § 5937 (in effect when the claim was presented to the commissioners).

But whatever may be the true construction of the Federal statute in general, we do not think that the presentation of the claim of the United States to the commissioners was a suit for the recovery of a tax which, within the meaning of that statute, must be brought in a District Court of the United States. This was a proof of claim against a supposedly insolvent estate in the process of settlement in the State court. It is fairly to be inferred from the record and the briefs that no attack has been made or is now made upon the assessment. The merits of the claim of the United States for taxes have never been and are not now in dispute. There has been no appeal to the Superior Court under G. L. (Ter. Ed.) c. 198, § 11. The only question raised relates to statutes of limitation. All the assets of the estate are in custodia legis of the State. They, or any part of them, cannot be taken from that custody by the independent action of any court of the United States. It is apparently settled that the United States must at some time and in some manner present its claim to the State court, although, in proper circumstances, it may be the bounden duty of the State court to allow the claim, and performance of that duty may be enforced in the Supreme Court of the United States. *Waterman* v. *Canal-Louisiana Bank & Trust Co.* 215 U. S. 33. *Riehle* v. *Margolies*, 279 U. S. 218, 225–226. *Missouri* v. *Fiske*, 290 U. S. 18, 29. *United States* v. *Bank of New York & Trust Co.* 296 U. S. 463, 475–481. *United States* v. *Klein*, 303 U. S. 276. *Markham* v. *Allen*, 326 U. S. 490. *United States* v. *Peoples Trust & Savings Co.* 97 Fed. (2d) 771. It follows that even if a formal suit for recovery of the tax had been seasonably instituted in the District Court of the United States the claim, even if reduced to judgment, would have had to be presented to the Probate Court substantially as has already been done. In no other way could the United States receive payment. We are not prepared to believe that the Congress intended that suits must be brought in District Courts of the United States upon all undisputed claims for taxes against the estates of deceased persons when simple presentation of such claims to Probate

Courts would equally well serve all the needs of the occasion (see *Gasquet* v. *Fenner*, 247 U. S. 16, 18), and when it was obvious that no suit in any court of the United States could serve as a substitute for such presentation. We need not say what position we should take if the present proceeding could be considered as in some manner an actual contest to determine the validity of the tax. It is true that under the practice in this Commonwealth the presentation of a creditor's claim to the commissioners "is the commencement of his proceedings or suit for its enforcement against the estate" so far as concerns the short statute of limitation of this Commonwealth. *Aiken* v. *Morse*, 104 Mass. 277, 281. *First Portland National Bank* v. *Taylor*, 323 Mass. 492, 495. But the statutes of the United States are not to be interpreted with regard to the practice in a particular State, especially when that practice relates to a statute of limitation by which the United States is not bound. Several decisions of Federal courts have recognized the jurisdiction of State Probate Courts to hear proofs of claims for Federal taxes. *United States* v. *Ettelson*, 159 Fed. (2d) 193. *United States* v. *Paisley*, 26 Fed. Sup. 237. *United States* v. *First National Bank*, 54 Fed. Sup. 351. No case has been cited, and we have seen none, to the contrary.

We may add that we see no inconsistency in holding, in accordance with the decisions previously cited, that the presentation of the claim was "a proceeding in court" within the meaning of those words in U. S. C. (1946 ed.) Title 26, § 276 (c), and at the same time holding that such presentation was not a suit to recover the tax within the meaning of any prohibition against State jurisdiction that may be implied in U. S. C. (1946 ed.) Title 26, § 3744, and predecessor statutes.

4. The executor finally contends that there is no proof of compliance with the requirements of U. S. C. (1946 ed.) Title 26, § 3740, that "No suit for the recovery of taxes . . . shall be commenced unless the commissioner authorizes or sanctions the proceedings and the Attorney General directs that the suit be commenced." The record is silent on these

matters. We think it enough to say that if presentation of the claim was a "suit for the recovery of taxes" within the meaning of this section, which we also seriously doubt, we are of opinion that in the absence of proof to the contrary the necessary authority and direction are to be presumed. The facts as to which proof is missing were not in themselves elements of the cause of action. They relate only to the propriety of acts of government officers in matters of internal management. Regularity in such matters is generally presumed in the absence of evidence to the contrary. *R. H. Stearns Co.* v. *United States*, 291 U. S. 54, 62–64. *United States* v. *One 1941 Cadillac Sedan*, 145 Fed. (2d) 296, 299. *United States* v. *Ettelson*, 159 Fed. (2d) 193, 195–196.

In our view the commissioners had authority to allow the entire claim of the United States, and the Probate Court should not have reduced the amount allowed by the amount claimed for the tax of 1930. The view we take does not require us to consider the power of the Probate Court in general to disallow claims allowed by the commissioners where there has been no appeal to the Superior Court under G. L. (Ter. Ed.) c. 198, § 11. See § 8 and c. 215, § 3. *Greenwood* v. *McGilvray*, 120 Mass. 516.

That part of the decree appealed from which reduces the amount allowed on the claim of the United States is struck out, and the claim is to stand as allowed in the full sum allowed by the commissioners.

*So ordered.*