[Civ. No. 16926. First Dist., Div. Two. Sept. 20, 1956.]

Estate of FRED E. HOOPER, Deceased. UNITED STATES OF AMERICA, Appellant, v. FRED A. HOOPER, as Administrator, etc., Respondent.

Lloyd H. Burke, United States Attorney, Charles Elmer Collett, Assistant United States Attorney, and Alonzo W. Watson, Jr., for Appellant.

No appearance on behalf of Respondent.

KAUFMAN, J.—This is an appeal by the United States of America from a decree of final distribution and settling the first, final and supplemental account of administrator. This decree disallowed the claim of the Internal Revenue Service of the United States Government on the ground that it was not filed within the time provided by law for presentation of claims.

Decedent died in San Francisco on November 22, 1945, leaving as heirs at law a son, Fred A. Hooper, who was appointed administrator of the estate of decedent, and a daughter, Vera Epting. Notice to creditors was published on December 12, 1945.

On November 15, 1949, the estate was appraised at $11,502.90, consisting of $1,502.90 cash and a liquor and tavern business worth $10,000. On December 14, 1949, the administrator's first accounting showed cash on hand in the sum of $7,364.94.

On December 28, 1949, Vera Epting filed objections to the first account. On January 26, 1950, the Collector of Internal Revenue filed a verified creditor's claim setting forth decedent's liability for delinquent income taxes for 1943, 1944 and 1945, plus interest thereon, in the total sum of $5,376.66. An affidavit of the collector attached to this claim stated that no payments had been made on said claim and that there were no offsets which would reduce the balance.

On August 12, 1952, the administrator's supplemental report was filed. A referee was appointed by the court on December 12, 1952. The referee found that the administrator had carried on the tavern business until March, 1949, when it was sold for $9,000. He also found that objections to the administrator's salary claim for conducting this business were well taken and on April 23, 1953, the court confirmed the referee's findings and adopted his recommendations.

On November 19, 1953, the administrator filed a petition for settlement of first account and supplemental and final account and for distribution, again seeking an award for salary, and objecting to the Internal Revenue's tax claim on the ground that it was an arbitrary assessment not supported by competent evidence.

On February 26, 1954, the United States filed objections to the administrator's petition and also petitioned for an order requiring the administrator to account or be held personally liable. The petition asserted that the estate was insolvent, that the claim of the United States was duly assessed against the estate and was entitled to priority. The United States also objected to the withdrawal of a sum of $2,145.26 by the administrator, and to said administrator's failure to account for other sums of $1,081.51 and $1,502.90.

At the hearings on the above objections, the assessment list of January 23, 1950, showing the assessment of the taxes claimed to be due and owing, and a certificate of assessments and payments for the claim dated December 11, 1953, were introduced in evidence. The administrator then contended that the tax claim should be disallowed because not filed in time.

On April 12, 1955, the decree of final distribution and settling the first final and supplemental account of administrator was filed. It disallowed the claim of the United States on the ground that it was filed too late; allowed the administrator $10,000 for extraordinary services rendered to the estate, which was to be deducted from the sum of $13,915.26, the salary which he had paid himself out of said estate and which the court disallowed. He was ordered to account to the estate for the balance, $3,915.26. The court then distributed the residue of the estate in the hands of the administrator as follows: to Vera Epting, $3,959; to Fred A. Hooper, $43.74.

It is immediately apparent that the total assets of the estate remaining after deduction of expenses of administration was less than the tax claim of the United States. Appellant contends that in this situation it is well settled that the tax claim of the United States has a priority that cannot be superseded or impaired by state law.

It is provided in section 191, of title 31, United States Code, Revised Statutes, section 3466, that "whenever the estate of any deceased debtor, in the hands of the executors or administrators, is insufficient to pay all debts due from the deceased, the debts due to the United States shall be first satisfied . . ." Section 700 of the Probate Code of California requires all persons having claims against decedent to file them in the office of the clerk of court or present them to the executor or administrator within six months after the first publication of notice. It is conceded that the claim of the

United States was filed after the six months' period following publication of notice to creditors had expired.

A tax claim of the United States, such as that herein, has been held to be included in the term "debt" as used in section 3466, *supra*. (*Price* v. *United States*, 269 U. S. 492 [46 S.Ct. 180, 70 L.Ed. 373].) Even unassessed taxes have been included within the definition of debts. (*Leggett* v. *Southeastern Peoples College*, 234 N.C. 595 [68 S.E.2d 263].)

In view of numerous decisions of the United States Supreme Court, it must now be considered well established that any filing or priority provisions of state law which conflict with the terms or spirit of federal statutes must yield to the latter. (*United States* v. *Oklahoma*, 261 U. S. 253 [43 S.Ct. 295, 67 L.Ed. 638].)

In the case of *United States* v. *Summerlin*, 310 U. S. 414 [60 S.Ct. 1019, 84 L.Ed. 1283], a decision of the Supreme Court of Florida was reversed which had held void a claim of the United States filed after the eight-month period provided for under that state's probate claim statute, had expired. The United States Supreme Court there stated that if the state statute undertook to invalidate a claim of the United States so that it could not be enforced at all if not filed within eight months, "the statute in that sense transgressed the limit of state power." (See *United States* v. *Embrey*, 145 Fla. 277 [199 So. 41] ; *Taylor* v. *United States*, 324 Mass. 639 [88 N.E.2d 121].)

It was held in *United States* v. *Division of Labor Law Enforcement*, 201 F.2d 857, that the priority granted by section 3466, *supra*, prevailed over the priority granted to wage claimants in cases concerned with assignments for benefits of creditors by section 1204 of the California Code of Civil Procedure. (And see *Barnett* v. *American Surety Co. of New York*, 77 F.2d 225.)

In view of the foregoing it is clear that the lower court erred in disallowing the claim of the United States of America and in failing to accord it priority.

Order reversed with directions to the lower court to allow said claim and accord it priority as provided for by law.

Nourse, P. J., and Draper, J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.