MARY P. STOW, executrix, *vs.* COMMISSIONER OF CORPORATIONS AND TAXATION.

Berkshire.   September 26, 1957. — November 6, 1957.

Present: WILKINS, C.J., SPALDING, WILLIAMS, COUNIHAN, & CUTTER, JJ.

*Equity Jurisdiction*, Declaratory relief, Tax. *Declaratory Judgment. Taxation*, Income tax. *Executor and Administrator*, Claim for taxes, Short statute of limitations. *Probate Court*, Appeal.

An appeal from an order of a Probate Court sustaining a demurrer to the petition in a suit was not properly before this court where no final decree had been entered.   [339]

A Probate Court might in its discretion entertain a declaratory proceeding by an executrix against the commissioner of corporations and

taxation under G. L. (Ter. Ed.) c. 231A presenting a controversy as to whether a claim against the estate of the petitioner's testator for additional income taxes was controlled by the short statute of limitations found in c. 197, § 9, as amended, and related sections of c. 197 or by the time limitations found in c. 62. [340, 341]

PETITION IN EQUITY, filed in the Probate Court for the county of Berkshire on October 31, 1955.

The case was heard by *Hanlon, J.,* upon demurrer.

*Frederick M. Myers, (Frederick M. Myers, Jr.,* with him,) for the petitioner.

*Edward F. Mahony,* Assistant Attorney General, for the respondent.

CUTTER, J. The petitioner (hereinafter called the executrix) was appointed executrix of the will of Cyrus A. Stow (hereinafter called the testator) on December 4, 1952. The commissioner of corporations and taxation (hereinafter called the commissioner), acting through a subordinate officer of his department, on October 10, 1955, sent to the executrix a notice of proposed assessment of additional income taxes for the years 1951 and 1952, based upon alleged inaccuracy in the returns filed by the testator of income received by him in the years 1950 and 1951. These inaccuracies thus were first brought to the attention of the executrix far more than one year after the date of her qualification as executrix and after expiration of the one year period for commencement of actions provided by the so called short statute of limitations, found in G. L. (Ter. Ed.) c. 197, § 9, as amended by St. 1933, c. 221, § 4, and St. 1954, c. 552, § 1. The record reveals no action, under § 9 or under G. L. (Ter. Ed.) c. 197, § 10, as appearing in St. 1954, c. 552, § 2, seasonably taken in behalf of the commissioner, either to extend the time for initiating actions against the testator's estate or to prosecute the claim after the expiration of the one year period by a bill in equity brought in the Superior Court (see *Haverhill* v. *Porter,* 333 Mass. 594, 596) or in this court.

The executrix on October 31, 1955, filed in the Probate Court this petition for declaratory relief, seeking an adjudi-

cation that the commissioner is not entitled to make any claim against the estate for back income taxes. A demurrer was filed in behalf of the commissioner alleging that the executrix had not stated facts sufficient to entitle her to relief, that the Probate Court was without jurisdiction of the subject matter, that the executrix had not shown that she had exhausted her administrative remedies under G. L. (Ter. Ed.) c. 62 as amended, and that the remedies under c. 62 were exclusive so that a petition for declaratory relief would not lie. The executrix appeals from the order sustaining the demurrer, which was entered on January 18, 1956, several weeks prior to the decision (on March 28, 1956) of this court in *Madden* v. *State Tax Commission*, 333 Mass. 734.

No final decree dismissing the petition appears to have been entered, so the appeal is not properly before us. See *Rowe* v. *Bragg*, 300 Mass. 298; *Vincent* v. *Plecker*, 319 Mass. 560, 562–563. However, since the matter, on certain issues, has been briefed and argued, we comment (see *Wakefield* v. *Attorney General*, 334 Mass. 632, 634–636) on those issues in an effort to avoid the delays incident to perfecting the record and resubmission of the case.

It is now established that the remedies provided in G. L. (Ter. Ed.) c. 62, §§ 43–46, as amended,[1] although declared to be "exclusive" in § 48 of that chapter, do not prevent courts of equity, as a discretionary matter, from entertaining petitions for declaratory relief under the later enacted G. L. (Ter. Ed.) c. 231A, inserted by St. 1945, c. 582, § 1, in matters which affect or control issues which may be raised as of right by proceedings under §§ 43–46. *Madden* v. *State Tax Commission*, 333 Mass. 734, the language of which is broad enough, in paragraph (2) at pages 736–737, to govern a case where there has been an actual tax assessment. See *Meenes* v. *Goldberg*, 331 Mass. 688, 691; *Cabot* v. *Assessors of Boston*, 335 Mass. 53, 57–58; *Squantum*

---

[1] Section 43 as appearing in St. 1955, c. 545; §§ 44 and 45 as most recently amended by St. 1953, c. 654, §§ 47, 48; and § 46 as appearing in St. 1955, c. 243.

*Gardens, Inc.* v. *Assessors of Quincy,* 335 Mass. 440, 443. Of course, "[u]pon demurrer, a bill stating a case within the declaratory judgment statute is good, and no question of discretion whether to grant relief is open." *Burnes* v. *Metropolitan District Commission,* 325 Mass. 731, 733. See *MacPherson* v. *Boston Edison Co., ante,* 94, 96.

The executrix contends that the commissioner is now entirely barred by the short statute of limitations and other limiting statutes from assessing and collecting any tax with respect to the testator's 1950 and 1951 income. A declaration, that the commissioner is or is not thus barred and that, if barred, the circumstances permitting him to proceed under G. L. (Ter. Ed.) c. 197, § 10, as amended (or under other provisions of c. 197), do or do not exist, would terminate and "settle . . . the controversy submitted for decision" by the petition (compare *Brown* v. *Neelon,* 335 Mass. 357, 360) as set out in its prayer. In view of the *Madden* case, such a declaration would be binding on all concerned. The Probate Court has discretion to declare the relevant rights of the parties.

Analysis of the facts confirms this interpretation of the question to be decided. If the testator were still alive, the taxes now proposed to be assessed upon his alleged 1950 and 1951 income could not be assessed later than September 1, 1954 (upon alleged income of 1950), or later than September 1, 1955 (in the case of alleged income of the year 1951), by virtue of the provisions of G. L. (Ter. Ed.) c. 62, § 37 (as appearing in St. 1933, c. 350, § 1, as amended by St. 1949, c. 698, § 1, and St. 1954, c. 605, § 1), except in "the case of a false or fraudulent return filed with intent to evade a tax or of a failure to file a return" when an assessment may be made "at any time." Even if it were to be assumed (and we intend no suggestion that the assumption is warranted) that the expiration of the one year period of the short statute of limitations (G. L. [Ter. Ed.] c. 197, § 9) did not bar an assessment within the three year period provided in § 37, that three year period had already expired with respect to the income of each of the years 1950 and

1951 by the time that notice of the proposed assessment was given on October 10, 1955. There are no facts alleged in the petition which suggest any fraud by the testator and the petition does show that the testator filed income tax returns covering his income of the years 1950 and 1951. The commissioner, however, contends that his proposed assessment must be presumed to have been based on fraud and that, therefore, it would not be barred by the three year period of limitation found in the first sentence of § 37.

As to the first part of this contention, it is well settled that fraud will not be presumed. It must be specifically alleged and proved by the party who relies upon it, for purposes of either attack or defence. *Jennings* v. *Murphy*, 325 Mass. 314, 319. *Cohen* v. *Santoianni*, 330 Mass. 187, 192, and cases cited.

As to the second aspect of the commissioner's contention, we think that there is a substantial question, which can be finally determined by a declaration of rights, whether the provisions of the short statute of limitations, G. L. (Ter. Ed.) c. 197, § 9, and the related §§ 10–18, 28–31 (as amended), do not control the present case rather than the limitation provisions of G. L. (Ter. Ed.) c. 62, in view of the very strong public policy in favor of "limiting the time within which creditors of an estate may bring actions to enforce their claims" which will, of course, tend "to expedite the settlement of estates." See *Downey* v. *Union Trust Co.* 312 Mass. 405, 408–409.

The matter is not decided by *Taylor* v. *United States*, 324 Mass. 639, certiorari denied 338 U. S. 948 (holding that the short statute by itself does not bar a claim for Federal taxes). That decision rests upon the principle (at page 642) "that a claim of the United States is not barred, even in a State court, by a State statute of limitation or by the laches of officers or agents of the United States." However, the matter of limitations of time for the presentation of State tax claims against a decedent's estate is not governed by Federal constitutional or statutory provisions and the issue of law whether G. L. (Ter. Ed.) c. 197, § 9, or the provisions

of G. L. (Ter. Ed.) c. 62 are controlling with respect to State tax claims was not decided in the *Taylor* case.

We feel that this issue of law cannot appropriately now be decided upon the present record and that further comment upon it should await the filing of an answer and the presentation of evidence on the issues thereby raised. We have not had the benefit of full argument on the issue and express no opinion upon it now. Its determination may involve questions arising not only under G. L. (Ter. Ed.) cc. 62 and 197 but possibly also under the provisions of G. L. (Ter. Ed.) c. 60, § 36, referred to in general terms by G. L. (Ter. Ed.) c. 62, § 41, as appearing in St. 1933, c. 350, § 4. It is sufficient for the purposes of the issues raised by the demurrer to comment that the executrix has alleged facts which would permit the Probate Court, in its discretion, to declare her rights as they exist upon those facts. Whether that discretion will be exercised, in view of the various public and private reasons which make desirable an early settlement of controversies affecting the estates of decedents, is a matter, in the first instance at least, for the determination of the Probate Court.

The appeal is dismissed and the case is remanded to the Probate Court for further proceedings not inconsistent with this opinion.

*So ordered.*