**UNITED STATES of America,**
Plaintiff, Appellant,

v.

Hyman G. SAXE et al., Executors, et al.,
Defendants, Appellees (two cases).

Nos. 5359, 5360.

United States Court of Appeals
First Circuit.

Heard Oct. 7, 1958.

Decided Nov. 19, 1958.

Harry Bergson, Boston, Mass., with whom Maurice Wolf, Harry Bergson, Jr., and Bergson & Wolf, Boston, Mass., were on the brief, for appellees.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

WOODBURY, Circuit Judge.

The only question presented on this appeal is whether a document entitled "Claim of the United States for Taxes" filed in the Massachusetts Probate Court for Norfolk County in the Estate of David Saxe, deceased, constituted "a proceeding in court" within the meaning of that phrase as used in § 276(c) of the Internal Revenue Code of 1939, Revenue Act 1938, 52 Stat. 540, 26 U.S.C. § 276 (c), quoted in material part in the margin.[1]

The following essential facts are not in dispute.

In March, 1948, the Commissioner of Internal Revenue made assessments of income tax deficiencies, which with penalties and interest thereon amounted to more than $50,000, against the decedent, David Saxe, for the years 1942 through 1945. Lists covering these assessments were received by the Collector of Internal Revenue at Boston in the same month and he immediately issued notices thereof and demanded payment, which it is alleged "were then and there and thereafter refused." The Collector filed notices of liens on December 10, 1948.

David Saxe died testate on November 18, 1951, and in regular course thereafter his will was admitted to probate in Norfolk County Massachusetts and the defendants-appellees, Hyman G. Saxe and Saul A. Shuman, were appointed executors of his estate. They have never represented that the estate would probably prove insufficient for the payment of the decedent's debts and they are still administering it.

———◆———

I. Henry Kutz, Atty., Dept. of Justice, Washington, D. C., with whom Charles K. Rice, Asst. Atty. Gen., and Lee A. Jackson and Fred E. Youngman, Attys., Dept. of Justice, Washington, D. C., Anthony Julian, U. S. Atty., and Andrew A. Caffrey, Asst. U. S. Atty., Boston, Mass., were on the brief, for appellant.

1. "Where the assessment of any income tax imposed by this title has been made within the period of limitation properly applicable thereto, such tax may be collected by distraint or by a proceeding in court, but only if begun (1) within six years after the assessment of the tax. * * * *"

On December 4, 1952, within one year from the time the executors gave bond for the performance of their trust, the United States filed in the Probate Court for Norfolk County in the David Saxe estate a claim for the taxes allegedly due to it from the estate. This document, entitled as set out earlier herein, consists in the words of the District Court [159 F.Supp. 222] " * * * of a sworn statement by the Director of Internal Revenue to the effect that the decedent was indebted to the United States in the sum of $74,720, describing the nature of the indebtedness; that no portion of the same had been paid; that the United States did not have any security, other than statutory liens; that the indebtedness was presently due, and that it had certain statutory priorities. It concluded as follows: 'Attention is also called to the provisions of Section 3467 of the Revised Statutes [31 U.S.C.A. § 192], with respect to the personal liability of every executor, administrator, or other person who fails to pay the claims of the United States in accordance with their priority.' "

Nearly five years later, on September 12, 1957, the United States filed its complaint in the court below in the instant case wherein it asked not only for a money judgment against Saxe and Shuman as executors for alleged deficiencies in income taxes due from their decedent, but it also asked for similar judgments against the two individually for asserted deficiencies in their respective personal income taxes. As executors, the defendants-appellees moved for a summary judgment dismissing the complaint as to them in their fiduciary capacity on the ground that the government's suit so far as they were concerned in that capacity was barred by the statute of limitations. The court below ruled that the action would have to be dismissed as against the defendants as executors and on the same day that it filed its opinion, January 24, 1958, it entered an order allowing the defendants' motion to dismiss. The United States filed a timely notice of appeal from this order. But in the meantime the defendants had moved for judgment under Rule 54(b), Fed.Rules Civ. Proc. 28 U.S.C. and the court below on March 5, 1958, in compliance with the motion, entered a final judgment in accordance with that Rule directing the entry of a judgment dismissing the complaint as against the defendants as executors with a determination that there was no just reason for delay. The United States filed a timely notice of appeal from this judgment.

■ The appeal from the order allowing the defendants-appellees' motion for summary judgment must be dismissed on the ground that failure to comply with the requirements of Rule 54(b) makes that order not appealable.[2] There can be no doubt, however, that the appeal from the judgment of March 5, 1958, presents the merits of this case for our consideration.

■ It is conceded that the Massachusetts statute limiting the time within which an executor or administrator may be held to answer to an action brought by a creditor of the deceased does not apply to actions like this. Taylor v. United States, 1949, 324 Mass. 639, 88 N.E.2d 121, certiorari denied 1950, 338 U.S. 948, 70 S.Ct. 487, 94 L.Ed. 585. The limitation imposed by the federal statute quoted in footnote 1 above applies, and it is evident that while the "claim" of the United States for income taxes was filed in the appropriate Probate Court of the Commonwealth within the six year period therein specified, its suit to collect the unpaid taxes alleged in its complaint to be due from the executors was not brought until long thereafter.

Thus the question squarely presented is whether the "claim" filed by the United States in the Probate Court in the David Saxe estate was "a proceeding in

2. There is no need for us to decide whether this order is also not appealable under the rule of United States v. F. & M. Schaefer Brewing Co., 1958, 356 U.S. 227, 78 S.Ct. 674, 2 L.Ed.2d 721.

court" within the meaning of § 276(c), *supra,* for if it is not, then obviously the United States cannot maintain its present action.

The District Court held that under the Massachusetts statutes and interpretive decisions the filing of the claim by the United States could not be said to constitute the commencement of a suit in the Probate Court to recover the taxes for the reason that under the law of Massachusetts the place for suits against executors is in the courts of general jurisdiction, not in courts of limited jurisdiction such as the Probate Courts. It conceded that the latter courts had statutory power under Mass.Gen.Laws (Ter. Ed.1932) ch. 197, Sec. 2, as amended by St.1933, c. 221, § 3, by "a type of declaratory judgment" to determine debts due from an estate on application by the executor or administrator and with the consent of the creditor. But it said that the government's claim was not to be construed as a consent to such a procedure.[3] Taking the view that under § 2 to be considered presently the purpose of a claim such as that filed by the United States is merely to give the executors notice of the claim so that they will distribute the assets of the estate only at their peril, the court below said:

"The filing of a document which neither instituted suit, nor submitted the government's claim to the jurisdiction of the court, being notice and nothing further, did not, in my opinion, rise to the dignity of a 'proceeding'. The government may have been standing in line, but if so, it was waiting for a train that did not run."

We agree with the District Court.

Taylor v. United States, supra, upon which the government principally relies, is not in point, for the proof of claim filed by the United States in that case was filed at a time when the estate involved was being settled in the insolvent course, a sort of proceeding akin to a proceeding in bankruptcy, whereas the estate in the case at bar has never been represented as probably insufficient to satisfy the decedent's debts.

■ Whether notice of a claim against a solvent estate, or at least one not represented to be insolvent, constitutes "a proceeding in court," presents a question of federal law. But the answer to the question depends upon the nature, function and effect of such a notice under Massachusetts law, and this must be determined by reference to the Massachusetts statutes providing for the filing of such notices.

■ Section 2 of Chapter 197, supra, in presently material part provides:

"If an executor or administrator does not within six months after the approval of his bond have notice of demands against the estate of the deceased sufficient to warrant him to represent such estate to be insolvent, he may, after the expiration of said six months, pay the debts due from the estate and shall not be personally liable to any creditor in consequence of such payments made before notice of such creditor's demand; * * *."

It seems to us abundantly clear that the notice specified in the above section has nothing to do with "a proceeding in court" by the creditor of an estate to collect his claim, but is designed only to afford protection to an executor or administrator who wishes promptly to pay his decedent's just debts. This, however, is not the only section of the Mass.Gen. Laws providing for notice. Section 9 of the above chapter under the subtitle "Time within which creditors shall bring actions" provides so far as here material:

"Except as provided in this chapter, an executor or administrator * * * shall not be held to answer to an action by a creditor of the deceased which is not commenced within one year from the time of his giving bond for the performance of his trust, or to such an action which is commenced * * * within said

---

3. Moreover, the procedure authorized in § 2 can be invoked only by executors or administrators, and it is clear that the executors herein at no time invoked it.

year unless before the expiration thereof the writ in such action has been served by delivery in hand upon such executor or administrator or service thereof accepted by him or a notice stating the name of the estate, the name and address of the creditor, the amount of the claim and the court in which the action has been brought has been filed in the proper registry of probate."

■ The obvious purpose of this provision is to expedite the settlement of decedents' estate by requiring creditors with disputed claims to bring suit thereon within one year from the time an executor or administrator qualifies for his post. And it is clear that notice by a creditor of his claim is not a condition precedent to the maintenance of his suit. Notice is merely a substitute for service of process on an executor or administrator, or acceptance of service of process by him, in an action brought within the year as is evident from the statutory requirement that the notice must state, among other matters, "the court in which the action has been brought." See Parker v. Rich, 1937, 297 Mass. 111, 8 N.E.2d 345, 347, wherein quoting from Rosenblatt v. Foley, 1925, 252 Mass. 188, 190, 147 N.E. 558, the court said: "An action is commenced when a writ is sued out and is delivered to an officer with a *bona fide* intent to have it served upon the defendant." And following this said with reference to the ancestor provision of § 9 that: "It simply allows service to be made, after the year and before the return day on a writ sued out within the year but not served within that time, in cases where the required notice has been filed. To that extent the statute is a benefit to plaintiffs."

■ Even if the notice filed by the United States in the case at bar is not wholly without legal significance because of the failure to state therein the court in which action had been brought, which of course the United States did not and could not do for at the time the notice was filed it had brought no action, a matter not mentioned by the court below,

still a notice serving only the purpose of extending the time for service can hardly be characterized as "a proceeding in court." A notice serving only to give a limited benefit to a plaintiff by giving him a little more time for the service of process in an action already commenced cannot be so classified without thwarting the purpose of the federal statute of repose.

An order will be entered dismissing the appeal of the United States numbered 5359, and a judgment will be entered in its appeal numbered 5360, affirming the judgment of the District Court.