Aguiar, J.
This appeal raises the issue of whether the trial court erred in applying the state statute of limitations rather than the federal statute of limitations when there was a suit for money damages by the FDIC which was assigned to a private party. We find there was error.
On Oct. 31, 1935, the defendants executed a mortgage note in the principal sum of $320,000.00 payable to Bank of New England on the property located at Lot 2, Tripper Road, Sandwich, Massachusetts. On January 6, 1991 the Office of the Comptroller of the Currency of the United States of America pursuant to the provisions of Title 12 USC Section 191 and Title 12 USC Section 1821(c)(2) determined and declared that Bank of *155 New England was insolvent and appointed the Federal Deposit Insurance Corporation (the FDIC), as Receiver of Bank of New England.
There was a subsequent mortgage foreclosure sale on Jan. 23,1992 of the property to a high and successful bidder in the amount of $160,000.00. As of the date of the foreclosure sale, the debt secured by the mortgage was in the approximate amount of $375,000.00 consisting of principal in the amount of $320,000.00 as well as accmed and unpaid interest.
Consequently, as a result of the foreclosure sale, plaintiff claims that a deficiency accrued for which the defendants are alleged to be liable in the approximate amount of $215,000.00, plus interest accruing since the date of the foreclosure sale.
Subsequent to the foreclosure sale on or about May 12,1993, the FDIC endorsed the mortgage note above to the order of plaintiff, NAB Asset Venture II, L.R, without recourse, Federal Deposit Insurance Corporation as Receiver of New Bank of New England, N.A., by RECOLL Management Corporation, its attorney in fact.
On June 15,1995 plaintiff commenced the instant action to recover the deficiency on the mortgage note in the Barnstable District Court. This June 15,1995 date was approximately three years and five months after the foreclosure sale — outside the state two-year statute of limitations as set forth in Massachusetts General Laws 244, section 17A, and within the federal six-year statute of limitations as set forth in 23 U.S.C. section 2415(a) and 12U.S.C. section 1821.
A hearing was conducted to determine the applicability of the general federal statute of limitations, as defined in 28 U.S.C.S. section 2415(a) which provides a six-year statute of limitations to contract actions for money damages asserted by the government and the specific federal statute of limitations as defined in 12 U.S.C.S. section 1821(d)(14) which provides for a six-year statute of limitations for contractual actions taken by the FDIC, as applicable to NAB, or a state statute of limitations pursuant to Massachusetts General Laws Chapter 244, section 17A, which provides for a two-year statute of limitations for a deficiency action after foreclosure sale.
The Court allowed the defendant’s motions to dismiss based on the application and expiration of the state statute of limitations as set forth in Massachusetts General Laws Chapter 244, Section 17A.
It is a settled principle that the United States or its agencies are not subject to the bar of state statute of limitations, even if an action to enforce a claim is brought in a state court, unless Congress prescribes to be bound thereby. United States v. Taylor, 324 Mass. 639, 88 N.E. 2d 121, 123 (Mass. 1949) 338 U.S. 948.
The FDIC acting in its capacity as receiver is governed by 12 U.S.C.S. section 1821(d)(14)(A) and therefore the applicable statute of limitations as defined in said statute is the longer of the six-year period beginning on the date the claim accrues or the period applicable under state law. The cause of action accrued on the date of the foreclosure sale, i.e. January 23, 1992, the date the note was accelerated by the foreclosure of the mortgage and the selling of the property at the foreclosure action.
It has been held that a suit based upon a promissory note initiated by the United States or an agency thereof is governed by the six-year statute of limitations, United States v. Alvarado, 5F. 3d at 1428; FDIC v. Bledsoe, 989 F. 2d 805 (5th Cir. 1993). United States v. Dos Cabezas Corp., 995 F. 2d at 1490 held that a suit to recover deficiency following foreclosure is an action for money damages founded upon a contract subject to the six-year limitations period of section 2415(a).
Plaintiff as a private party assignee/transferee of the FDIC is entitled to the benefits of the six-year statute of limitations provided in 12 U.S.C.S. section 1821(d)(14)(A).
It is a clearly established principle of common law that an assignee stands in the shoes of the assignor deriving the same benefit but no greater rights and remedies than the assignor. FDIC v. Bledsoe, 989 F. 2d at 809-810.
The assignee/transferee of a debt ordinarily obtains all remedies which were available to the assignor/transferor against the debtor for the enforcement of the obligation including the right to assert that claim in court. Investment Co. of the Southwest v. Reese, 875 p. 2d at 1093. Therefore, plaintiff, as an assignee/transferee of the FDIC received the FDIC’s claim to the amount due under the note, as well as the FDIC’s right to assert the *156 claim in court which encompasses the benefit of the six-year statute of limitations. Tivoli Ventures Inc. v. Bumann, 870 P. 2d at 1249.
For all of the above reasons, we find that the Court erred in allowing defendants’ motions to dismiss based on the state statute of limitations rather than the federal statute of limitations. The allowance of the motions to dismiss is set aside and these matters are returned to the trial court for trial on the merits.