BLACK ET AL. v. BLACK.

1. **Administrator**: ASSIGNMENT OF LIEN: PAYMENT OF GENERAL
   CREDITORS. Where one who held a lien upon the real estate of a dece-
   dent obtained a decree of foreclosure, and the administrator had mean-
   while paid the general creditors, leaving in his hands a sum insufficient
   to satisfy the judgment of the lienholder, and it was afterward ordered
   that the judgment should be paid *pro rata* from the assets of the estate:
   *Held*, that such payment would operate to assign the decree of fore-
   closure to the administrator to the extent of the difference between the
   sum remaining in his hands and the sum he was required to pay under
   the order of court, subject to the prior right of the lienholder to the
   payment of the amount due him from the proceeds of the property
   covered by the lien.

*Appeal from Iowa Circuit Court.*

TUESDAY, DECEMBER 14.

THE facts disclosed by the record in this case are substan-
tially as follows: Dominick Black purchased of the plaintiff
Wetherell certain lands, and received a bond for a deed, upon
the condition of the payment of certain notes executed for
the purchase price.

On the 31st day of December, 1867, Dominick Black con-
veyed all his interest in said lands to his two minor sons, Peter
and Charles Edward Black, and authorized them to procure a
deed therefor. On the 28th of May, 1870, Dominick Black
departed this life, not having paid for said lands nor procured
a deed, and the defendant, Andrew Black, was appointed
administrator of the estate. Andrew found the title bond,
without any assignment, on record, and reported the lands
described in the bond as belonging to the estate. Some time
after this the notes given for the deferred payments on the
land were filed as a general claim against the estate, and were
allowed, and the allowance approved, as a claim of the third
class.

Afterward, Wetherell brought suit against the administra-
tor and the widow and heirs of said decedent, and on the 25th
day of November, 1873, he obtained a decree foreclosing said

title bond for the sum of $1977.66, the amount due on said land.

Afterward the defendant, Black, having discovered that the bond had been assigned, proceeded to pay off all the claims against the estate without regard to that filed by Wetherell, leaving in the hands of the administrator, after making such payments, the sum of $594.00.

Wetherell, having taken no steps to enforce his specific lien against the lands, on the 3d day of April, 1874, he and Mary Ann Black, the widow, commenced an action against the administrator for an order requiring the administrator to make *pro rata* payment of the Wetherell claim, out of the assets of the estate. On the 1st day of May, 1874, the court ordered the administrator to make *pro rata* payment of this claim, and found the distributive share of Wetherell to be the sum of $1078.64.

The court further ordered that a payment of this sum should operate as a transfer, *pro tanto*, of the plaintiffs' judgment and decree to the administrator.

On the 18th of July, 1874, the plaintiffs appealed from so much of the judgment of the court as directed that a *pro rata* payment of plaintiffs' claim should operate as an assignment, *pro tanto*, of the decree of foreclosure to the administrator. This order was reversed at the December term, 1874. See 40 Iowa, page 88.

On the 20th day of October, 1874, the defendant perfected an appeal from the order of the court requiring payment of plaintiffs' claim out of the assets of the estate.

*Hedges & Murphy*, for appellant.

*Clark & Haddock*, for appellees.

DAY, J.—When this case was before us upon the former appeal we held that Wetherell, notwithstanding the decree of foreclosure, was entitled to receive a *pro rata* portion of the proceeds of the personal property of the estate, and that, in the absence of any proof of an intention to charge the lands

in the hands of the minors, as between them and the estate, the property could not be charged therewith, and that the creditor, at his option, could enforce the claim, either against the lands or the proceeds of the personal property in the hands of the administrator. Hence we reversed the order of the Circuit Court that the payment of Wetherell's claim *pro rata* should effect an assignment *pro tanto* of the decree of foreclosure to the administrator, for this order in effect nullified the order for payment of Wetherell's claim out of the personal assets, and ultimately cast the whole charge upon this realty, to the extent of its value.

The abstract now, however, shows facts which did not appear before. The administrator's report is now attached, and shows the total amount of personal assets to be $2359.38; the total credits, $1765.30; and the amount remaining in the administrator's hands, $594.08. If Wetherell's claim had been paid *pro rata* by the administrator, as he is now directed to do, then the assets would have fallen short of satisfying the general creditors, by the difference between the amount now on hand and the amount of the *pro rata* payment which the administrator is directed to make, which difference is $484.56. The general creditors would then have had a right to resort to this land, subject to Wetherell's prior lien for balance of unpaid purchase money, for the payment of their claims, at least to the extent of the liens against it, which had been discharged out of the personal assets. But, as the administrator has paid the general creditors, and thus relieved this land from this claim, it is but equitable that he should be subrogated to the rights which they would have had, had their claims not been paid.

The payment of plaintiffs' claim *pro rata* shall, therefore, operate as a transfer to the administrator of the decree of foreclosure in favor of Wetherell to the extent of $484.56, subject to the prior right of Wetherell, to the satisfaction of the unpaid balance of his claim, out of the property foreclosed.

Thus modified, the judgment is

AFFIRMED.