## In the Matter of the ASSIGNMENT of JOSEPH HOBSON for the Benefit of Creditors.

1. **Equity**: INSOLVENCY: MARSHALING OF ASSETS. A creditor of an insolvent has not, as against a surety upon an obligation held by another creditor of the same debtor, such a superior equity in the fund representing such insolvent's estate, as to entitle him to compel the creditor, whose claim is so secured, to resort to the surety for payment, before seeking satisfaction out of the common fund.

2. **Inconsistent Remedies**: ELECTION. A creditor of an insolvent is not estopped from asserting his claim against the fund in the hands of such insolvent's assignee, under a general assignment, because of the commencement of an action by one liable as surety on such claim, attacking the validity of such assignment, and which was subsequently dismissed.*

* A recent case of value upon the question of election between remedies, under circumstances similar to those in this case, is that of *Mills v. Parkhurst*, 26 N. E. Rep. (N. Y.) 1041. A creditor of an

*Appeal from Fayette District Court.*—HON. L. O.
HATCH, Judge.

SATURDAY, OCTOBER 25, 1890.

APPEAL from an order allowing a claim filed with
the assignee of an insolvent, who had made a general
assignment for the benefit or creditors.

*A. Chapin,* for appellant: A creditor cannot
attack an assignment, seek to set it aside, or treat it as
void, and also file his claim under it, and ask to have a
dividend. Burrill on Assignment [ 5 Ed. ] secs. 479,
482, 507 ; *Vernon v. Morton & Smith,* 8 Dana ( Ky.)
254. An assignment cannot be questioned by a cred-
itor who has taken a dividend. *Adlum v. Yard,* 1
Rawl. 163 ; s. c., 18 Am. Dec. 609 ; *Jones & Waterbury
v. Horsey,* 4 Md. 307. A creditor cannot claim both
under and against an assignment. *Hatchet v. Blanton,*
72 Ala. 423 ; *Rapalee v. Stewart,* 27 N. Y. 313, 314 ;
*Hone v. Henriquez,* 13 Wend. 240. Inconsistent reme-
dies and proceedings cannot be prosecuted in a court of
justice. The party will be held to have adopted that
which he first employs, and to have waived all others
inconsistent with it. Bigelow on Estoppel [ Ed. 1872 ]
chap. 20, p. 578 ; *Morris v. Rexford,* 18 N. Y. 557 ;
*Rodermund v. Clark,* 46 N. Y. 356-7. This principle
is of well known and general application in assignment
cases, as well as many others. *Crawford, Trustee, v.
Nolan,* 70 Iowa, 98, 99 ; *Citizens' Bank of Greenfield v.*

insolvent, after making proof of his claim before the assignee, com-
menced an action to set aside the assignment as fraudulent, and, being
defeated in such action, sought to share in the distribution of the
assets in the hands of the assignee. This demand was resisted by the
other creditors, who contended that, in bringing the action to set
aside the assignment, such creditor had elected to repudiate the
assignment. But the court of appeals held that the doctrine of elec-
tion had nothing to do with the question. That the creditor had a
perfect right to test the validity of the assignment by special action,
and, if defeated upon that issue, " it in nowise militated against the
right  *  *  *  to share in the assigned estate, on the basis of distri-
bution provided in the debtor's deed to his assignee."—REPORTER.]

*Dows*, 68 Iowa, 460–462 ; *Dyckman v. Sevatson*, 39 N. W. Rep. 73 ; *Green v. Cross*, 10 N. W. Rep. 460, near bottom of page ; *New England Bank v. Lewis*, 25 Mass. 119.   "Any decisive act of the party with knowledge of his rights and of the fact determines his election in the case of conflicting and inconsistent remedies." *Sanger v. Wood*, 3 Johns. Ch. 422.   See also *Wilhelmi v. Leonard*, 13 Iowa, 340 ; *Gessie v. Beall*, 3 Wis. 391. "If one elects between two inconsistent remedies, the right to pursue the other is forever lost." *Farwell v. Myers*, 26 N. W. Rep. ( Mich. ) 330 ; *Strong v. Strong*, 5 N. E. Rep. (N. Y.) 799.   The bank knew that attachments were to be prosecuted in its name, and made no objection whatever.   It, therefore, clearly ratified the proceeding.   Silence with full knowledge of the facts is sufficient to create an estoppel.   *Decorah Woolen Mill Co. v. Greere*, 49 Iowa, 495–6 ; Bigelow on Estoppel [ Ed. 1872 ] middle p. 500, bottom p. 501, top p. 502 ; Story on Agency [ 3 Ed. ] secs. 90, 91, 255, *et seq.*   The bank, by appearing in the attachment suits and demanding judgment against the sureties, ratified the whole. *Krider v. Trustees*, 31 Iowa, 550.   Under the equitable jurisdiction of marshaling securities, a creditor who has two funds will be required to first exhaust that upon which another creditor cannot go.   *Wurtz & Co. v. Hart*, 13 Iowa, 518.   The liability of the sureties to the Fayette County National Bank constituted a fund which was available to that creditor alone.   *Neff v. Miller*, 8 Barr. 347, cited in 2 White and Tudor's Leading Cases, pt. 1, p. 163, Hare & Wallace's notes ; Story's Eq. Jur. [ 3 Ed. ] last part of secs. 642, 645. Courts of equity will, when one creditor has a claim against two joint debtors, and another creditor has a claim against only one of these, require the first creditor to resort to that debtor against whom the second creditor has no claim in all cases where an equity supervenes in favor of one of the debtors, or his creditor, and as against the other joint debtor.   See note to case of *Aldrich v. Cooper*, 2 White & Tudor Leading Cases, pt. 1, p. 169.

*L. L. Ainsworth*, for appellees:  The statute pro-
vides that the surety may by writing require the credi-
tor to sue or permit the surety to commence suit in the
creditor's name at the surety's cost, and if the creditor
refuses or neglects to bring suit for ten days after a
request, and does not permit the surety to do so, the
surety shall be discharged. Code, secs. 3285-6. In the
case at bar the notice required the Fayette County
National Bank to sue or permit the sureties to sue, as is
provided by section 2108 of the Code of 1873. See Abs.,
p. 7. The consent given was such as the statute
required to be given to prevent the discharge of the
surety unless the creditor brought suit in his own name.
*First National Bank of Newton v. Smith*, 25 Iowa, 21, 23;
*German American Bank v. Denmire*, 58 Iowa, 137, 138,
139. The only condition required to entitle a creditor
to share in the assets of the estate is, that he present his
claim under oath within three months after notice to
him by the assignee of the assignment. With this
requirement appellee complied. That the filing of the
claim was an abandonment of the attachment proceed-
ings, there can be no doubt. Am. Dec. 621-622, and ref-
erence; *Rapalee v. Stewart*, 13 N. Y. 313-314; *Hone v.
Henriques*, 13 Wend. 242-243; *Jewett v. Woodard*, 1
Edwards' Chan. 195, in which the court says: "A
creditor coming in under a voluntary assignment must
comply with its conditions; but a commencement of a
proceeding or suit for his debt, if he chooses to abandon
it or it prove unavailing, will not bar him from the bene-
fit of the assignment." We are aware of no case in any
court holding any doctrine other than above. In the
case of *Sanger v. Wood*, 3 Johns. Chan. 422, cited by
appellant, the same doctrine is held. Appellant has a
peculiar idea as to the meaning of marshaling of assets,
if he believes as he argues that the property of a surety
on the note of an assignor is a part of the assets of the
estate of such assignor. The rule is never applied
unless it can be done without injustice to the creditors,
or other party in interest, having a title to the double

fund ; and, also, without injustice to the common credi-
tor. *Dickson v. Chorn*, 6 Iowa, 32. This doctrine
is a settled doctrine of all the courts in the country.
*Johns v. Reardon*, 11 Md. 465 ; Story's Eq. Jur., sec.
560.

ROBINSON, J.— The evidence upon which this cause
was submitted in the district court consists of an agreed
statement of facts. As nearly as we can determine from
the record, the material facts of the case are substan-
tially as follows : On the twenty-sixth day of Novem-
ber, 1887, Joseph Hobson made to D. W. Clements a
general assignment for the benefit of creditors. Prior
to that date, Hobson had made to the Fayette County
National Bank his three promissory notes, described as
follows : One was for three thousand dollars, and was
signed by H. B. Hoyt, as surety ; one was for six
thousand dollars, and was signed by C. B. Minchin, as
surety ; and the third was for five hundred dollars, and
was signed by Wm. Cowle, as surety. On the date
named the notes were unpaid, and the property of the
payee. In December, 1887, the three sureties named
served upon the Fayette County National Bank a notice
to sue upon the notes, or to permit them to do so, as
provided by section 2108 of the Code. On the twenty-
seventh day of that month, the bank named served
upon each surety a paper, the body of which is as fol-
lows : "You are hereby permitted to bring suit in the
name of the Fayette County National Bank upon a
note made by Joseph Hobson and yourself to said
Fayette County National Bank. A copy of said note
is herewith furnished you. Said action to be brought
at your own costs." On the day they received permis-
sion to sue, the sureties commenced three attachment
suits in the name of the bank, one on each note. The
petition in each action alleged that Hobson had dis-
posed of his property with intent to defraud his credi-
tors. Writs of attachment were duly issued against the
property of Hobson, and served by levying them upon all
the property of Hobson, and by garnishing his assignee.

On the second day of January, 1888, the three sureties. named, and one James Cowle, a creditor of Hobson, began an action in equity in the district court of Fayette county against Joseph Hobson and his assignee, the First National Bank of Elkader, Katharine Bigler, Sidney Cobb and A. N. Hobson as defendants. The petition alleged that the assignment was fraudulent and void, for the reason that it gave preferences to certain creditors, and that certain mortgages given to Cobb and Bigler were a part of the assignment. On the thirty-first day of the same month, a second action in equity was commenced by the same plaintiffs against the same defendants. In that it was alleged that the assignment was void for the reasons set up in the first action, and, for the further reason that Hobson was not of sound mind when it was made. The plaintiffs asked that the assignment be decreed void. The First National Bank of Elkader was served with notice in said actions, appeared therein, answered, took depositions, and incurred expense in defending. On the nineteenth day of March, 1888, the Fayette County National Bank filed with the assignee a claim against the estate of Hobson for the three notes specified. On the twentieth day of July, 1888, the First National Bank of Elkader, a creditor which had filed its claim as provided by law, filed exceptions to the claim of the Fayette County National Bank, and on the sixth day of February, 1889, filed an amendment thereto. On the fourteenth day of December, 1888, the plaintiffs in the first equity case dismissed it, and Hoyt dismissed the second so far as it concerned his rights. The case was tried as to the remaining plaintiffs, and the court found in favor of defendants, dismissing the petition. On the same day the plaintiffs in the three attachment suits dismissed them. The Fayette County National Bank appeared in each attachment suit before it was dismissed, by its attorneys, and objected to the withdrawal of the action as against the surety, and demanded judgment against the surety in each case, but did not object to the withdrawal as to the other defendant. The court overruled

the objection, and the plaintiff in each case dismissed it as a whole, the bank duly excepting. When permission to commence the action was given to the sureties, the bank knew that it was their purpose to attach the property of Hobson, and claim adversely to the assignment, and to seek to set it aside by legal process. The bank also knew of the action in equity about the time it was begun. It made no objection to any of the suits or proceedings excepting its objection to the withdrawal of the suits as against the sureties. The answer of the First National Bank of Elkader in the equity action denied any fraudulent preferences in the assignment, and denied that Hobson was of unsound mind when it was made. No appeal was taken from the judgment rendered in that action. On the thirteenth day of March, 1889, this cause came on for a hearing on the claim filed by the Fayette County National Bank, and the exceptions filed by the First National Bank of Elkader. The objections were overruled and the claim allowed. The First National Bank of Elkader appeals. Notice of appeal was served on the Fayette County National Bank and the three sureties.

I. Before the hearing was had, appellant moved to transfer the case made by the claim filed, and the

1. EQUITY: insolvency: marshaling of assets.

exceptions thereto, to the equity side of the docket, for the reason that the exceptions raised equitable issues. The motion was overruled, and of that ruling appellant complains. The theory upon which the motion was filed is that the Fayette County National Bank should be compelled to exhaust the property of the sureties before resorting to the estate of the insolvent. The general principle in regard to marshaling securities is stated as follows: "If one party has a lien on or interest in two funds for a debt, and another party has a lien on or interest in one only of the funds for another debt, the latter has a right in equity to compel the former to resort to the other fund in the first instance for satisfaction, if that course is necessary for the satisfaction of the claims of both parties, whenever it will not trench upon the

rights, or operate to the prejudice, of the party entitled to the double fund." 1 Story, Eq. Jur., sec. 633. Although the rule is well established it will not be applied where it would work an injustice. *Dickson v. Chorn*, 6 Iowa, 20; 1 Story, Eq. Jur., sec. 560. In the absence of some special equity, it is not applicable to a case where one of the funds is the property of a surety. If a surety be compelled to pay the debt of his principal, he becomes his creditor by virtue of the payment, with the right of subrogation. In this case appellant's equities are not superior to the rights of the sureties, and the principal will not be required to exhaust their property before proceeding against the property of the principal debtor. See *Johns v. Reardon*, 11 Md. 465; *Ayres v. Husted*, 15 Conn. 504. The ruling on the motion was, therefore, correct. We do not determine whether, in view of the powers conferred by section 2121 of the Code, the motion could have been granted in any event.

II.   It is insisted by appellant that the Fayette County National Bank was bound by the action of the sureties in commencing actions in its name, 2. INCONSISTENT remedies: and that the institution of the attachment election. suits and actions in equity was such an election not to take under the assignment, but to proceed adversely to it, that the principal is now estopped to assert any claim under it. It is true a person cannot claim property under two inconsistent rights at the same time, and it is also true that, as a general rule, he should not be permitted to pursue different and inconsistent remedies at the same time; but, in this case, the suits commenced by the sureties were disposed of before the hearing on the claim in controversy. The attachment suits to which the Fayette County National Bank was a party were dismissed before trial, and only one of the actions in equity was prosecuted to final judgment, and one of the sureties withdrew from that before the final hearing. The fact that the Fayette County National Bank knew of the institution of the suits in equity did not make it in any sense a party to them, nor was it bound by the results. That was not

true of the attachment suits to the same extent, but we are not required to determine in this proceeding what liabilities, if any, the Fayette County National Bank incurred by reason of its connection with them. It is sufficient to say that such connection was, to a certain extent, involuntary. It was compelled to bring suit, or to permit the sureties to do so, or release the sureties. It permitted suit to be brought by the sureties. Appellant was not prejudiced by the bringing of those suits. The claim in controversy is not disputed on its merits, and was filed within the time required by statute. To hold that, under the circumstances of this case, the Fayette County National Bank is estopped to assert its claim against the property of the principal debtor, would be most unjust. We think the proceedings hostile to the assignment should be treated as fully waived by the dismissal of the attachment suits, and that the right of the bank last named to file and prosecute its claim against the estate of the insolvent should be affirmed. See *Jewett v. Woodward*, 1 Edw. Ch. 195.

Other questions are discussed by counsel, but the conclusions already announced make it unnecessary to determine them. AFFIRMED.