## IN RE ESTATE OF GEORGE L. BUTTERFIELD.

JOE M. JOHNSTON, Administrator, Appellee, v. LILLIE M. BUTTERFIELD et al., Appellees; GUARANTY STATE BANK, Appellant.

**MARSHALING ASSETS AND SECURITIES:** **Mortgage on Homestead.** A creditor of an insolvent estate will not be compelled to exhaust his mortgage security on the *homestead* of the insolvent before establishing his claim as a general one against the estate.

*Appeal from Marion District Court.*—L. N. HAYS, Judge.

### OCTOBER 16, 1923.

THIS is an appeal by the Guaranty State Bank from an order by the trial court refusing allowance of its proved claim against an insolvent estate until it should first exhaust certain mortgage security held by it.    Such security consisted of a mortgage upon the homestead of decedent and his surviving family.—*Reversed.*

*J. H. Johnston,* for appellant.

*Norman R. Hays* and *L. D. Teter,* for appellees.

EVANS, J.—The appellant filed its note as a general claim against the estate of George L. Butterfield, deceased.    The validity of the note as a claim against the estate was not questioned.    The resistance thereto was made by the administrator

and by certain other creditors of the decedent, and was predicated upon the fact that the estate was insolvent, and that the claimant had a mortgage upon the homestead of the decedent, and that it was bound first to exhaust such security, and was entitled to share with other creditors in the general estate only as to any deficiency remaining after exhausting the security. This contention was sustained by the trial court, and an order was entered accordingly.

The order complained of was clearly erroneous. The trial court doubtless sought to apply the general rule that, where a creditor of an insolvent has a double fund to which he may resort, his security may be marshaled by a court of equity, and he may be required to first resort to a fund upon which other creditors have no claim. This rule is applied only when it can be done with justice both to the creditor and to his debtor. It will not be applied when the security of the secured creditor is a mortgage upon a homestead or upon other exempt property. *Dickson v. Chorn,* 6 Iowa 19; *Tollerton & S. Co. v. Anderson,* 108 Iowa 217. Nor can it be applied when the other security of the creditor is the property of a surety. *In re Hobson,* 81 Iowa 392.

To require a secured creditor to resort first to the proceeds of a mortgaged homestead would be unjust to the debtor, in that it would deprive him of his right of exemption, for the benefit of his general creditors.

In this case, the appellant could have sued at law upon its note, without foreclosing its mortgage. This would not operate to release the lien of its mortgage. *Gilman v. Heitman,* 137 Iowa 336. Such creditor is no less entitled to establish his claim as a general claim against the estate of an insolvent decedent.

If it had released its mortgage against the homestead, without collecting anything out of such security, no general creditor could complain. Such was the holding in the cited cases, supra.

Appellant has not instituted a foreclosure suit; nor can it be required to institute one, as a condition to its participation in the general assets of the estate of the decedent.

The order appealed from is, accordingly, reversed.—*Reversed and remanded.*

PRESTON, C. J., ARTHUR and FAVILLE, JJ., concur.