MARION COUNTY NATIONAL BANK, Appellee, v. W. I. SMITH et al., Appellees; T. S. HUTCHINSON, Appellant.

February 7, 1928.

W. H. Keating, for appellant.

W. H. Lyon and Johnson & Shinn, for Marion County National Bank, appellee.

Hays, Hays & Heer, for Nancy V. Smith, J. A. Welch, Administrator, and Nancy V. Smith, Administratrix, appellees.

EVANS, J.—The record before us is very voluminous, and our more difficult task is to get from it a concise statement of the controlling facts.

On February 11, 1924, W. P. Smith executed and delivered to his wife, Nancy V. Smith, a conveyance of 170 acres of land, which included the homestead 40, and comprised all of the land

 owned by the grantor save 10 acres. Such deed was placed of record on February 28, 1924. At the time of such conveyance, the plaintiff herein was the holder of a note for approximately $6,000, signed by W. I. Smith and W. P. Smith, the latter being, in fact, surety. W. I. Smith was the son of W. P. Smith and Nancy V. Smith. Sometime after February 28, 1924, the plaintiff's note became due. Because of the conveyance from W. P. Smith to Nancy V. Smith the plaintiff insisted upon immediate payment of the note. An extension of time was agreed to by the plaintiff, in consideration of a new note signed by W. I. Smith, W. P. Smith, and Nancy V. Smith. Whether Mrs. Smith signed two extension notes or only one is not clear from the evidence, though it tends to show that the first note signed by Mrs. Smith was under date of March 6, 1924, and that this note became due on September 6, 1924. On the latter date a like extension note was signed by the three parties. This latter note is the one upon which the foreclosure suit is predicated. It fell due on March 6, 1925. On February 8, 1925, W. P. Smith died. On March 20, 1925, Mrs. Smith executed the mortgage in suit, to secure the note above referred to, and obtained an extension of time thereby. Mrs. Smith and one Welch were appointed administrators of the estate of W. P. Smith. Later, Mrs. Smith resigned as administratrix, and conveyed by quitclaim deed to Welch, as administrator, 130 acres of the land in question, subject, however, to her own statutory rights, and subject to the plaintiff's mortgage, which she had previously executed.

The defendant Hutchinson was also a creditor of W. P. Smith's to the approximate amount of $3,000 on a promissory note. He began a personal action against the maker in the Mahaska district court, and this action was pending at the time of the death of W. P. Smith. The administrator being substituted as defendant, Hutchinson prosecuted his action to a purported judgment, and issued general execution thereunder, and levied the same upon the land in question, and proposed to sell the same under execution, when he was enjoined, at the suit of the administrator, and such injunction is still in force. His purported judgment was entered in the Mahaska district court on April 10, 1925, and his general execution was issued May 21,

1925, and directed to the sheriff of Marion County, where the land was situated. The contention of his defense was, and is, that by his purported judgment and his levy of execution upon the land he had acquired a lien thereon; that the deed from W. P. Smith to Nancy V. Smith was voluntary and without consideration, and therefore void as against creditors; that such fact was known to plaintiff-mortgagee at the time it took the mortgage; that the lien thus acquired by the defendant Hutchinson was prior and superior to any claim made by the plaintiff bank or by the administrator.

The defense interposed by the administrator was similar in its contentions, as against the plaintiff. As against Hutchinson, its contention was that the land should be subjected, in the hands of the administrator, to the benefit of the creditors of the estate, and to the exclusion of all preference, either in favor of Hutchinson or of the plaintiff. The administrator has not appealed. Hutchinson has not prosecuted his action for the benefit of the administrator, nor for the benefit of the creditors of the estate generally, for the setting aside of such conveyance. On the contrary, he is claiming for himself a priority of lien over the plaintiff and over all other creditors of the estate. Such is the only question presented by his appeal.

Section 11967, Code of 1924, provides as follows:

"11967. Actions pending against the decedent at the time of his death may be prosecuted to judgment, his executor or administrator being substituted as defendant, and any judgment rendered therein shall be placed in the catalogue of established claims, *but shall not be a lien.*"

It follows from the foregoing statute that Hutchinson has never had a lien upon the land. Nor would the proceedings adopted by him have established a lien in his favor, even though  the title had remained in W. P. Smith at the time of his death. If he had obtained his judgment and had filed a transcript thereof in Marion County district court during the lifetime of W. P. Smith, a different question would be presented. He gained nothing by the issue and levy of execution. He had no right to an execution against the administrator; nor had the district court of Mahaska County any power to award an execution. The effect of the adjudication had after the death of

W. P. Smith was fixed by the statute above quoted. The defendant thereby had established his claim against the estate as a general creditor, and not otherwise. The defendant contends that he is in the position of a "diligent creditor," in that he  first assailed the alleged fraudulent conveyance, and thereby took first place in the race of creditors. There can be no race of creditors after the death of the debtor. In such event, his property all passes to his administrator, and must be distributed to creditors pursuant to the requirements of the statute. The administrator could have prosecuted an action to set aside this alleged fraudulent conveyance. But such action, if successful, would inure to the benefit of all creditors alike. A creditor may not maintain such action except upon refusal of the administrator to do so. *Hansen's Empire Fur Factory v. Teabout,* 104 Iowa 360. If, because of refusal of the administrator, a creditor brings such suit, it must be for the benefit of the creditors, and not for his own exclusive benefit. The defendant Hutchinson does not purport to bring such suit, nor does he allege any refusal on the part of the administrator. On the contrary, he claims priority over all creditors, including the plaintiff bank, because of his procedure. In this case, the administrator did adopt the allegations of Hutchinson as to the invalidity of the conveyance, and did lay before the district court all the facts pertaining thereto. The decree of the district court being adverse to him, he has not appealed. We have no occasion, therefore, to consider the validity of plaintiff's mortgage as against the administrator. For the purpose of this appeal, it is enough that the appellant, having no lien at all, necessarily has no right of priority.

It might have been argued for the administrator, as was contended in his pleading, that the plaintiff had no right, after the death of W. P. Smith, to secure a preference out of his property over his other creditors. But the preference secured by the plaintiff rests upon an entirely different basis from that contended for by Hutchinson. It did not obtain a preference as a creditor of the estate of W. P. Smith. It obtained its security from Mrs. Smith, as *her* creditor. The additional security which the plaintiff secured by the additional signature of Mrs. Smith was so secured in the lifetime of the debtor W. P. Smith. That

was legitimate. The consideration to Mrs. Smith for signing such note was the conveyance which she had received from her husband. The only infirmity charged by Hutchinson or the administrator against the conveyance was that there was *no* consideration. This fact rendered it voidable, notwithstanding that there was no actual intent to defraud. In the absence of intentional fraud, this infirmity was curable, and it was cured by her signing of her husband's note by his procurement and consent. The demand for her signature was predicated upon the fact of the conveyance. The plaintiff could have enforced its demand to the extent of establishing a lien upon the land in her hands. She recognized the equity of the demand and complied therewith. She did that which she could have been required to do by a court of equity. This mutual arrangement between her and her husband and between them and his creditor, the plaintiff herein, amounted to a confirmation of her title for a consideration. It could not thereafter be said that her conveyance had *no* consideration, even though the adequacy of the consideration might still be challenged. There is no showing that such consideration was inadequate. On the contrary, it is the contention of the appellant that the claim of the plaintiff will absorb all the value of the mortgaged property, and will leave nothing to other creditors. If this be so, then Mrs. Smith gave adequate consideration, and her title became thereby unassailable. Her mortgage, therefore, to the plaintiff was valid as a security for the payment of her own obligation. And this is so notwithstanding that the plaintiff bank has a claim upon the estate of W. P. Smith for the same debt. Its claim will be satisfied by one recovery, from whichever source payment comes. It may be noted here that there is no evidence in the record that the plaintiff knew that the conveyance to Mrs. Smith had no consideration. Indeed, the evidence is to the contrary. Nor could the result be otherwise if the plaintiff did have such knowledge. It was not a volunteer. It had a right to insist upon security, and it made its insistence upon both parties to the conveyance. It is said that the plaintiff bank has other security from W. I. Smith in the form of a deed to Canada land, and that it should be required to resort first to such security. W. I. Smith was the principal debtor. W. P. Smith was his surety. If the debt be paid by the sureties, they will be entitled to take by subrogation

209

all other security held by the plaintiff, and plaintiff makes no contention otherwise.

For the reasons here indicated, the decree of the district court is affirmed.—*Affirmed.*

STEVENS, C. J., and FAVILLE, KINDIG, and WAGNER, JJ., concur.