In the Matter of the ESTATE OF Aaron Drexel LAU, Deceased.

Brenda J. Lau VanDeWALKER, Appellee,

v.

Carol Latham LAU, Appellant.

No. 88–138.

Supreme Court of Iowa.

June 14, 1989.

---

Darold J. Jack, Oelwein, for appellant.

John W. Hofmeyer, III, Oelwein, for appellee.

Considered by McGIVERIN, C.J., and HARRIS, CARTER, SNELL, and ANDREASEN, JJ.

SNELL, Justice.

The issue raised by this appeal is whether a judicial equitable lien and a judgment lien on decedent's real property are subject to classification under Iowa Code section 633.425 as debts of the estate that shall not be paid until administration costs, burial expenses, taxes, and medical expenses of the decedent's last illness have been satisfied. Both the district court and the court of appeals determined the liens have priority to the secured property over these debts and charges. We affirm.

On December 9, 1983, the marriage of Aaron Lau and claimant, Brenda Lau VanDeWalker, was dissolved. The dissolution decree provided that:

> The Petitioner [Aaron] shall pay to the Respondent [Brenda] the sum of Twelve Thousand Five Hundred Dollars ($12,500) within (5) years from this date with interest at Ten (10) percent. This sum to be a lien on the house belonging to the Petitioner until this amount is paid in full.

The decree also required Aaron to pay $75 per week as child support.

On January 10, 1987, Aaron died. At the time of his death, Aaron had not made any of the property settlement payments and, in addition, claimant had obtained a judgment lien for $3350 for unpaid back child support.

Accordingly, claimant filed a claim against Aaron's estate for the past due property settlement and child support amounts, as well as a claim for future child support. These claims were disallowed by Carol Lau, the administrator of the estate and Aaron's surviving spouse, so claimant requested a hearing.

The district court thereafter entered the following ruling:

> Claimant's judicial lien for property settlement and judgment lien for back child support are superior to and have priority over the costs of administration, burial expense and interest of other parties through this estate with respect to the real estate located at 214 Third Avenue S.E., Oelwein, Iowa.

The court also levied a $100 sanction on the administrator's attorney for misstating a previous ruling of the court. Upon the administrator's appeal of both of these rulings, we transferred the case to the court of appeals, which affirmed. We then granted the administrator's application for further review.

I. The administrator contends the priority of claimant's liens is governed by section 633.425, which provides:

In any estate in which the assets are, or appear to be insufficient to pay in full all debts and charges of the estate, the personal representative shall classify the debts and charges as follows:

1. Court costs.

2. Other costs of administration.

3. Reasonable funeral and burial expenses.

4. All debts and taxes having preference under the laws of the United States.

5. Reasonable and necessary medical and hospital expenses of the last illness of the decedent, including compensation of persons attending at the decedent's last illness.

6. All taxes having preferences under the laws of this state.

7. All debts owing to employees for labor performed during the ninety days next preceding the death of the decedent.

8. *All unpaid support payments as defined in section 598.1, subsection 2, and all additional unpaid awards and judgments against the decedent in any dissolution, separate maintenance, uniform support, or paternity action to the extent that the support, awards, and judgments have accrued at the time of death of the decedent.*

9. All other claims allowed.

[Emphasis added.]

The parties do not dispute that the assets of Aaron's estate are insufficient to pay in full the debts and charges of the estate. However, claimant contends her liens are not debts of the estate, so as to be subject to section 633.425. We agree.

"Debts" are defined in section 633.3(10) as including "liabilities of the decedent which survive, whether arising in contract, tort, or otherwise." No mention is made of the liens placed on property to secure the payment of these liabilities. In fact, section 633.414 provides:

*Liens not affected by failure to file claim.* Nothing in sections 633.410, 633.-412 and 633.413 shall affect or prevent any action or proceeding to enforce any mortgage, pledge or other lien upon property of the estate.

And section 633.423, discussing the procedure for the payment of secured claims, provides in pertinent part:

Payment of the claim shall be upon the basis of the full amount thereof if the creditor shall surrender the creditor's security; otherwise payment shall be upon the basis of one of the following:

1. If the creditor shall exhaust the security before receiving payment, then upon the full amount of the claim allowed, less the amount realized upon exhausting the security; or

2. If the creditor shall not have exhausted, or shall not have the right to exhaust, the security, then upon the full amount of the claim allowed, less the value of the security determined by agreement or as the court may direct.

Respected commentators have interpreted section 633.423 as follows:

*The holder of a secured claim which is due has the option of relying wholly upon his security or filing his claim.* If he timely files his claim he does not waive his security. If he fails to timely file his claim his sole recourse is to his security.

S. Kurtz and R. Reimer, *Iowa Estates: Taxation And Administration,* § 13.12 at p. 440 (1975) (emphasis added and citations omitted). The clear import of this is that claimant's enforcement of the liens against the secured property is not affected by the preference provisions of section 633.425. Those provisions would only apply if claimant sought to have her claims satisfied with estate assets on which she did not have a lien.

This court implied as much as long ago as 1876, when it was noted that a secured "creditor, at his option, could enforce [his] claim, either against the lands or the proceeds of the personal property in the hands of the administrator." *Black v. Black,* 42 Iowa 694, 696 (1876). Similarly, in *In re Estate of Butterfield,* 196 Iowa 633, 634, 195 N.W. 188, 188–89 (1923), this court held that a bank was not compelled to exhaust its mortgage security on a homestead before it could file its note as a general claim

against decedent's estate. The court stated the bank

> could have sued at law upon its note, without foreclosing its mortgage. This would not operate to release the lien of its mortgage. Such creditor is no less entitled to establish his claim as a general claim against the estate of an insolvent decedent.

*Id.* (citations omitted).

The distinction between the making of a claim for the payment of a debt of an estate and the enforcement of a lien on secured property for the same purpose has long been recognized. We therefore conclude claimant's liens have priority over the debts and charges listed in section 633.425.

■ II. The administrator's attorney, Darold Jack, challenges the imposition of the $100 sanction, which was made by the court *sua sponte.* On July 2, 1987, in its adjudication of law points, the district court determined in claimant's favor (1) that the estate's interest in the decedent's homestead could not be greater than the interest of the decedent at his death, and (2) that a judgment lien creditor could enforce his lien against the estate's property without permission of the probate court, although foreclosure might be required before execution, levy, or sheriff's sale. Also on July 2, in its ruling on a motion for summary judgment, the district court ordered that claimant's claims be allowed "as claims of the class recognized in Iowa Code section 633.425(8)." With respect to claimant's attempts to enforce her liens, the court refused to enter judgment against the real estate, since claimant had not yet complied with the provisions of Iowa Code chapter 654.

In the administrator's motion to strike, filed December 28, 1987, Jack averred that "[o]n July 2, 1987, this court denied said claimant's motion to adjudicate points of law." The district court found that this statement was a misrepresentation of the court's order. Jack contends he did not willfully mislead the district court; he just confused the two court rulings discussed above.

Iowa Rule of Civil Procedure 80(a) provides in pertinent part:

> Counsel's signature to every motion, pleading or other paper shall be deemed a certificate that: counsel has read the motion, pleading, or other paper; that to the best of counsel's knowledge, information, and belief, *formed after reasonable inquiry,* it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass or cause an unnecessary delay or needless increase in the cost of litigation.

[Emphasis added.]

The rule does not require a finding that the attorney's conduct be willful.

The district court also found that during oral arguments on January 11, 1988, Jack adamantly stood firm with his position. The court stated that Jack's ignoring the court's rulings adverse to his client added to the claimant's frustration. Jack either failed to make reasonable inquiry with respect to the court's ruling or falsely certified in his motion to strike that the information was well grounded in fact.

Our review of the record reveals ample support for the district court's conclusion. We conclude the court did not abuse its discretion by ordering Jack to pay $100 of claimant's attorney fees.

DECISION OF COURT OF APPEALS AFFIRMED; JUDGMENT OF DISTRICT COURT AFFIRMED.