**Kathleen L. MEYERSON, Plaintiff,**

v.

**COUNCIL BLUFFS SAVINGS BANK, An Iowa Banking Corporation, Trustee of the Owen L. Meyerson Trust; Keith Miller, Executor for the Estate of Owen L. Meyerson, deceased; and the United States of America, Defendants,**

**STATE BANK AND TRUST OF COUNCIL BLUFFS, An Iowa Banking Corporation, Petitioner in Intervention,**

v.

**Kathleen L. MEYERSON, Defendant to Petition in intervention.**

**Civ. No. 89–23–W.**

United States District Court,
S.D. Iowa, W.D.

Oct. 2, 1991.

---

174

A.W. Tauke, Jack W. Peters, Council Bluffs, IA, for Council Bluffs Savings Bank.

Richard Richards, Des Moines, IA, Karen Osborne, U.S. Dept. of Justice, Washington, DC, for U.S.

Richard Heininger, Council Bluffs, IA, Thomas Prohaska, Omaha, NE, for Keith Miller.

Peter J. Peters, Council Bluffs, IA, for State Bank & Trust.

1. This action was originally filed in state court and removed to federal court. Petitioner in Intervention, State Bank and Trust of Council Bluffs, has not filed any motions or resistances in this action in federal court. State Bank had claimed that the Owen Meyerson estate owed it money based on a promissory note executed by

## ORDER

DONALD E. O'BRIEN, District Judge.

This matter comes before the court pursuant to plaintiff Kathleen Meyerson's motion for summary judgment, defendant Keith Miller's motion for summary judgment, and defendant United State's motion for summary judgment. After careful review of the oral and written argument, the United State's motion for summary judgment is sustained in part, Keith Miller's motion for summary judgment is sustained, Kathleen Meyerson's motion for summary judgment is denied.

## QUESTION PRESENTED

This is a declaratory judgment action in which the plaintiff asks this court to order the Council Bluffs Savings Bank to pay over the res of a trust to her. The issue in the case at bar is which of the three claims are entitled to priority—that of the United States Government, that of the decedent's ex-wife, or that claim reflecting the costs of administering the estate.[1]

Plaintiff Kathleen Meyerson asks this court to impose a "constructive trust" or "equitable lien" on the trust assets of the decedent. Under this theory it is contended that the Bank held the money as the constructive trustee for Ms. Meyerson and upon termination of the trust on December 31, 1986, the assets automatically became the property of Ms. Meyerson. The U.S. claims this money by virtue of a tax lien. Keith Miller, Executor for the Estate of Owen L. Meyerson, claims reasonable costs of administering the estate by virtue of Iowa Code § 633.425.

## FACTS

On July 1, 1975, Owen L. Meyerson created a trust, naming Council Bluffs Savings Bank as trustee. The res of the trust consisted of real property. The trust named as the beneficiaries of the income of the trust Meyerson's two minor children. The trust was to last for a period of ten and one-half years. At the expiration of the period, the assets of the trust were to revert to the grantor, Owen L. Meyerson.

Mr. Meyerson, and that if this court were to allow Ms. Meyerson the assets of the trust there would not be assets available for them to collect on their note. Since this party has failed to file any motions, this court can only assume that either this party resolved its dispute or has abandoned its claim.

On December 21, 1982, some seven years later, Owen L. Meyerson and Kathleen L. Meyerson entered into a property settlement agreement pursuant to a divorce. As a division of assets under the property settlement agreement, Owen L. Meyerson was to pay Kathleen Meyerson the sum of $98,687.00 payable in monthly installments of $850.00 commencing January 1, 1983, plus 6% interest on the remaining principal balance. Owen Meyerson also agreed to pay to Kathleen Meyerson the sum of $199,650.00 as alimony payable at the rate of $1,650.00 per month commencing January 1, 1983.

About six months later, on July 3, 1983 Owen Meyerson died, a resident of Douglas County, Nebraska. His estate was opened on July 11, 1983, in Omaha, Nebraska. On October 16, 1984, Kathleen Meyerson registered her dissolution decree with attached property settlement in Pottawattamie County, Iowa. An ancillary estate was opened for the decedent on August 9, 1985 in the state of Iowa. The assets of the original trust are Iowa property and thus, part of the ancillary estate. The trust terminated according to its provisions on December 31, 1986.

The United States filed a claim for taxes on March 2, 1987, in Pottawattamie County District Court. On May 14, 1987, that claim was denied. The United States subsequently filed a notice of intent to pursue claims in the United States District Court on June 7, 1987. Rather than pursuing its claim by hearing in United States District Court in Iowa, it filed suit in the United States District Court in Nebraska and obtained judgment. This judgment created a lien on Nebraska property, but does not create a lien or claim on the Iowa administration. *See* 28 U.S.C. § 1962 (every judgment entered by a district court within a state shall be a lien on the property located in such state). Kathleen Meyerson filed a petition for a declaratory judgment in January of 1989 requesting that the court order the trustee to turn over the assets of the trust to her according to the provisions of the property settlement agreement.

2. The code section provides:
   In any estate in which the assets are, or appear to be, insufficient to pay in full all debts and charges of the estate, the personal representative shall classify the debts and charges as follows:
   1. Court costs.
   2. Other costs of administration.

## CLAIMS BY PARTIES

The executor claims priority under Iowa law for certain administrative expenses and fees and argues that the following procedure is the correct one to follow: Court costs are to be paid first; then the cost of administration; then other creditors' claims, which would include Kathleen Meyerson's; then after Kathleen Meyerson has been paid in full or when the assets are exhausted (the result in this situation) or she remarries or dies, whichever comes first, the remaining funds would be transferred to the Nebraska estate, where the lien for taxes has attached.

U.S. alleges that it has priority to the money because of a constructive income tax assessment lien which it filed in Iowa in September of 1987 and also by virtue of 31 U.S.C. § 3713 (the "Insolvency Statute").

Ms. Meyerson claims priority of the trust assets because of a constructive trust or equitable lien.

## DISCUSSION

■ Defendant Keith Miller, executor of the estate of Owen Meyerson, argues that he is entitled to priority in distribution of the assets of the estate. Iowa Code § 633.3(8) defines costs of administering the estate. Included in this definition are attorney's fees. Because attorney's fees are part of the costs of administration as defined in Iowa Code § 633.3(8), Iowa Code § 633.425 mandates that attorney fees be paid second only to court costs.[2] Because the expenses of administration are preferred over all other claims under the statute and are to be paid from decedent's estate before its distribution, defendant, executor of the estate of Owen Meyerson, Keith Miller's motion for summary judgment is granted. *See, Hammond v. Carthage Sulphite Pulp & Paper Co.*, 34

3. Reasonable funeral and burial expenses.
4. All debts and taxes having preference under the law of the United States.
         .         .         .
Iowa Code 633.425. At a hearing in this matter the United States acknowledged that if it prevailed it would take in the order of Iowa priorities set out in Section 633.425.

F.2d 155, 156 (N.D.N.Y.1928); *In re Estate of Smith*, 165 Iowa 614, 146 N.W. 836 (1914).

## CLAIMS BETWEEN U.S. AND MS. MEYERSON

■ The threshold question in this case, as in all cases where the Federal Government asserts its tax lien, is "whether and to what extent the taxpayer had 'property' or 'rights to property' to which the tax lien could attach." *Aquilino v. U.S.*, 363 U.S. 509, 512, 80 S.Ct. 1277, 1280, 4 L.Ed.2d 1365 (1960). Ms. Meyerson claims that because she had a reversionary or security interest in the res of the trust, the taxpayer, Mr. Meyerson, had no interest in the res of the trust for the government to claim. The U.S. alleges that under its terms, Mr. Meyerson had a reversionary interest in the trust res. Upon the trust's termination the res became property of Mr. Meyerson's estate and the U.S. has priority over other claims in the estate.

The U.S. alleges priority under 26 U.S.C. § 6321 and 31 U.S.C. § 3713. Because the court determines that the government is entitled to the trust assets under 31 U.S.C. § 3713, the court will not address the applicability of 26 U.S.C. § 6321 except to the extent it is mentioned in dicta in notes 6 and 8, *infra*.

The U.S. alleges priority under 31 U.S.C. § 3713 (the "Insolvency Statute"). This section provides:

A claim of the United States Government shall be paid first when—

.  .  .  .  .

(B) the estate of a deceased debtor, in the custody of the executor or administrator, is not enough to pay all debts of the debtor.

**3.** The estate of Owen Meyerson is insolvent as admitted by the Estate in ¶ 6 of its answer to Plaintiff's Amended Petition for Declaratory Judgment filed June 17, 1987.

**4.** This case discusses 31 U.S.C. § 191 which was the predecessor to § 3713.

**5.** Specifically the Property Settlement Agreement provides:

Husband shall receive as his sole and separate property, *free and clear of the claim of any incidence of ownership therein by wife*, subject only to the terms of this Property Settlement Agreement, the real property comprising the reversionary interest in the Trust hereinbefore

31 U.S.C. § 3713(a)(1)(B); *Barnett v. American Surety Co. of New York*, 77 F.2d 225, 226 (10th Cir.1935); *Westmoreland v. Westmoreland*, 716 F.Supp. 217, 218 (D.S.C.1988); *Matter of Receivership of Hollingsworth*, 386 N.W.2d 93 (Iowa 1986).[3]

Ms. Meyerson claims her lien should be superior to the U.S.'s claim in the estate. In order for a lien to prevail over the priority granted to the U.S. in 31 U.S.C. § 3713 a lien must be specific. Certain criteria have now been established to determine if a lien is specific and entitled to priority over the U.S.'s claim.

The lien must be definite in at least three respects as of the time the priority of the United States arises, namely: (1) the identity of the lienor; (2) the amount of the lien; and (3) the property to which it attaches.

*U.S. v. Division of Labor Law Enforcement*, 201 F.2d 857, 859 (9th Cir.1953),[4] *citing, Illinois ex rel. Gordon v. Campbell*, 329 U.S. 362, 375, 67 S.Ct. 340, 347, 91 L.Ed. 348 (1946); *Creditors Exchange Service, Inc. v. U.S.*, 277 F.Supp. 885, 886 (S.D.Tex.1967); *See, Matter of Receivership of Hollingsworth*, 386 N.W.2d 93, 95 (Iowa 1986).

The property settlement entered into between Mr. and Ms. Meyerson did not specifically provide that plaintiff's claim for unpaid alimony would be a lien on the trust res. Rather, the most the property settlement provide Ms. Meyerson is a lien in the estate.[5] In the present action, Ms. Meyerson did not file her Nebraska dissolution decree in Pottawattamie County, Iowa, until October 16, 1984, which was *after* Mr. Meyerson's death.[6]

referred to, which was created on July 1, 1975
. . .

The parties agree that the death or remarriage of husband shall not operate to terminate any unpaid alimony and that any unpaid alimony in event of the death of the husband shall constitute a *lien against the estate* of husband, subject to death or remarriage of wife.

Property Settlement Agreement, 8, 10 (Doc. 795, No. 172, December 21, 1982) (emphasis supplied).

**6.** This filing did not create a lien in the property, because it was filed after Mr. Meyerson's death, but instead created a lien in the estate. *See, Crawford v. Hall*, 464 N.W.2d 464, 465 (Iowa

Although Ms. Meyerson attempted to create a lien in the property after Mr. Meyerson's death, she has never had a secured lien in the trust res. As such, the res became property of the estate and subject to the claims of all creditors. This court agrees that Ms. Meyerson is entitled to a lien in the estate. However, since she is only entitled to a lien in the estate, rather than a lien *on this specific piece of property* she is not entitled to priority.[7] Ms. Meyerson cannot establish priority over the U.S. because the lien she claims by virtue of the divorce decree was not specific as to the property to which it attached. As a result of the Insolvency Statute her claim is inferior to that of the U.S. and her claim must fail.[8]

Plaintiff's claim that she has an equitable lien on the trust res must also fail. A lien on a trust "may be created only by contract ... or by some statute or fixed rule of law; it can not be created by the court merely from a sense of justice." *Matter of the Receivership of Hollingsworth*, 386 N.W.2d 93, 96 (Iowa 1986). An equitable lien, however, can arise only in "particular circumstances such as unjust enrichment occurring under facts entitling the plaintiff to a hold on specific property as distinguished from an in personam claim." *Id.* In this action, the trust was created to provide support for the Meyerson's children, not as security for the performance of Mr. Meyerson and no contract provides for a lien in this specific piece of property which now has been sold and the proceeds of which are being held in the state of Iowa. The probate code of Iowa was enacted to ensure equity in the distribution of assets. The imposition of an equitable lien would serve to avoid the equitable principles set forth in the Probate Code. In this action the U.S. will not be unjustly enriched by this court's refusal to enforce an equitable lien. The only person who would be enriched by the imposition of an equitable lien would be Kathleen Meyerson. It is true that both parties in this action are owed monies by the Meyerson estate. However, Ms. Meyerson cannot show how the government will be "unjustly enriched" in this situation. Thus, an equitable lien should not be imposed in favor of the plaintiff in this action.

■ Ms. Meyerson also claims that the res of the trust belongs to her because placing the assets in a trust established a "constructive trust" for her benefit and as such the trustee was merely holding the assets for her. One seeking to impose a constructive trust must establish the right by clear, convincing, and satisfactory evidence. *Copeland v. Voge*, 237 Iowa 102, 20 N.W.2d 2, 5 (1945). Plaintiff relies on *Richards v. Richards*, 58 Wis.2d 290, 206 N.W.2d 134 (1973), to support her position. However *Richards* involved a situation where an ex-husband, in direct violation of a divorce decree, changed beneficiaries on a policy without providing a substitute policy for his ex-wife. The court imposed a constructive trust finding Mr. Richards' conduct was in direct violation of the decree. However, in this action Mr. Meyerson did not violate the divorce decree, nor was he attempting to avoid paying his debts. His estate simply is without assets to pay his debts in their entirety. There are not circumstances present in this action which warrant the imposition of a constructive trust.

Plaintiff also contends that based on the holding of *Matter of Estate of Lau*, 442 N.W.2d 109 (Iowa 1989), she is entitled to the res of the trust. However, *Lau* involve a factual situation that simply is not present in

---

App.1990). By contrast, pursuant to 26 U.S.C. § 6321, a tax lien of the United States on all property of a taxpayer arises at the time an assessment is made. *See, Shawnee State Bank v. U.S.*, 735 F.2d 308, 309 (8th Cir.1984). The assessment here was made *August 10, 1984*, some *two* months before the filing of the Nebraska dissolution decree in Iowa.

**7.** At the time Ms. Meyerson filed her dissolution decree the trust res consisted of real property. Since that time the property has been sold and the proceeds are now being held in Iowa awaiting the outcome of this case.

**8.** There exists an alternate forum for this court to base its opinion. In this case the tax assessment was made on August 10, 1984, thus the government's lien is prior to the lien of Ms. Meyerson. *See*, note 6, *supra*. If the court were to decide this action strictly on the order of priorities of creditors, it would still rule for the U.S. because the government's lien would have attached prior to the lien of Ms. Meyerson.

this case; *i.e.,* in *Lau* the plaintiff had obtained a judgment lien for $3350 against the defendant before his death and had a secured lien. *Id.* at 110–12. The court noted that "[t]he distinction between the making of a claim for the payment of a debt of an estate and *the enforcement of a lien on secured property* for the same purpose has long been recognized." *Id.* at 112 (emphasis supplied). The Iowa Supreme Court made the determination that plaintiff's liens were entitled to priority not because they were debts of the estate entitled to priority, but rather because the assets never became property of the estate.[9]

## CONCLUSION

This case is controlled by the Federal Insolvency Statute which preempts state law. The trust in question was set up for the benefit of the Meyerson children and upon termination of the trust the res was to revert to Mr. Meyerson. There was never specific attachment to the trust property by Ms. Meyerson, thus no attachment can be made on the proceeds of the sale of the property. This result is not one this court would like to see, but it is the only possible solution under the law. The government is entitled to the res of the trust subject to the administrative expenses incurred by the executor of the estate.

**Accordingly, it is ordered,**

1) Summary judgment is sustained in favor of Keith Miller, Executor for the Estate of Owen L. Meyerson. The administrator of the estate has submitted to the court administrative costs and fees totaling $19,171.28. The court determines that these shall be paid in the sum of $19,171.28.

2) Summary judgment is sustained in part in favor of the United States. The U.S. is entitled to the res of the trust less administrative expenses as set out above. The trustee is hereby ordered to turn over to the government the assets of the trust which remain after the administrative fees of the estate have been paid, up to the sum owed to the government. If there are additional funds they will be distributed as provided by the probate court.

3) Kathleen Meyerson's motion for summary judgment is denied.

---

9. This court notes that the *Lau* case was a determination as to whether property became property of the estate under Iowa law. The Iowa Supreme Court did not address the question of which party would have had priority if the property had become property of the estate.