**Brenda Joyce Lau VANDEWALKER, Individually and as Next Friend of Brian D. Lau, Appellant,**

v.

**The Estate of Aaron Drexel LAU, Deceased, Carol Dale Lau, Brian D. Lau, Scott Lau, Brett Lau, Melissa Lau, and Pauline R. Fox, Defendants,**

**Darold J. Jack and Kerns–Jamison Funeral Home n/k/a Jamison–Schmitz Funeral Home, Intervenors–Appellees.**

No. 97–275.

Supreme Court of Iowa.

July 29, 1998.

Rehearing Denied Oct. 5, 1998.

John W. Hofmeyer III of Hofmeyer, Hurley & Hanson, P.C., Fayette, for appellant.

R.L. Van Veldhuizen, Oelwein, for intervenors-appellees Darold J. Jack and Kerns–Jamison Funeral Home.

Considered by McGIVERIN, C.J., and CARTER, LAVORATO, NEUMAN, and TERNUS, JJ.

NEUMAN, Justice.

The question on appeal is whether a constructive trust or equitable lien should be imposed on assets belatedly recovered by the insolvent estate of Aaron Drexel Lau. The decedent's former wife, plaintiff Brenda Lau VanDeWalker, urges that equity demands her claim to the assets be paid ahead of debts and charges of the estate. The district court ruled that Iowa Code section 633.425 (1995) controls distribution of estate assets, subordinating plaintiff's claims to payment of

administration costs and burial expenses. We affirm.

## I. Background Facts and Proceedings.

This controversy stems from earlier litigation in which Brenda Lau VanDeWalker sued the Aaron Lau estate to collect dissolution of marriage property settlement payments of $12,500 and back child support of $3350 left unpaid by Aaron at the time of his death in January 1987. *See In re Estate of Lau*, 442 N.W.2d 109, 110 (Iowa 1989). In *Estate of Lau*, Brenda argued that her judicial lien against Aaron's real estate and general judgment lien for unpaid support were not subject to classification under Iowa Code section 633.425. We agreed, concluding that a claimant's enforcement of liens against secured property is not affected by the preference provisions of the probate code. *Id.* at 111.

Following our opinion the estate abandoned the real property, conveying it to Brenda by court officer deed. When she recorded the deed in September 1989, the county recorder added a notation to the face of the document which stated, in pertinent part:

> Conveyance made by executor of the estate of Aaron Drexel Lau, deceased, in satisfaction of grantee's claim against estate following decision of Iowa Supreme Court.

The estate had valued the house on the probate inventory at $35,000. Due to the home's rundown condition, however, Brenda sold it for only $8000, substantially less than her combined liens. It is undisputed that the parties believed the home was the only asset Aaron possessed at death.

Some six years following the conveyance it was discovered that Aaron maintained a sizable bank account holding proceeds from a cashed-out pension. Aaron closed the account in May 1986, taking $17,868.73 in the form of a cashier's check, and the balance of $20,000 in cash. The funds on which the cashier's check were issued are the subject of the present litigation.

Brenda alleges that Aaron concealed the money to escape honoring his child support obligation. She points to contempt proceedings in August and September of 1986—shortly before Aaron's death—at which Aaron claimed indigency and testified he had no money to pay child support. In fact, the cashier's check had not been negotiated at that time; nor was it ever presented for payment. The check's whereabouts remain a mystery, as it was not found among Aaron's personal possessions following his death. In 1995 the bank surrendered to the treasurer of the State of Iowa a segregated account for $17,868.73. The Great Iowa Treasure Hunt located the Lau estate, which received the funds.

Brenda then filed a petition in equity, seeking to impose a constructive trust or equitable lien on the discovered funds. She alleged that they rightfully belonged to her, not the estate, because Aaron had fraudulently concealed their existence in the earlier contempt proceedings. Pursuant to Iowa Rule of Civil Procedure 75, the estate's attorney of record and Kerns–Jamison Funeral Home intervened in the action, claiming that section 633.425 made their claims for fees and burial expense superior to Brenda's claims stemming from the dissolution.

The parties filed cross-motions for summary judgment. The district court denied them, reasoning that material facts were in dispute over whether Brenda accepted the deed to Aaron's home in full satisfaction of her claims against the estate. The matter proceeded to trial. The district court rejected the intervenors' claim that conveyance of the court officer deed created an accord and satisfaction of Brenda's residual claims against the estate. It concluded the record revealed no indication whether the parties intended the transfer to satisfy the lien in whole or in part.[1]

Pertinent to this appeal, the court likewise declined Brenda's request to impose a constructive trust or equitable lien on the funds. It ordered the newly discovered assets classified for payment in accordance with Iowa

---

**1.** *See* Iowa Code § 633.117 ("When any assets of the estate are encumbered by mortgage, pledge or other lien, the fiduciary may ... convey or transfer such assets to the creditor in satisfaction of the lien, *in whole or in part ....*" (Emphasis added.)).

Code section 633.425. This appeal by Brenda followed.[2]

## II. Discussion.

Iowa Code section 633.425 governs classification of probate debts and charges. The statute provides:

> In any estate in which the assets are, or appear to be, insufficient to pay in full all debts and charges of the estate, the personal representative shall classify the debts and charges as follows:
>
> 1. Court costs.
>
> 2. Other costs of administration.
>
> 3. Reasonable funeral and burial expenses.
>
> . . . .
>
> 9. All unpaid support payments as defined in section 598.1, subsection 6, and all additional unpaid awards and judgments against the decedent in any dissolution, separate maintenance, uniform support, or paternity action to the extent that the support, awards, and judgments have accrued at the time of death of the decedent.
>
> 10. All other claims allowed.

Iowa Code § 633.425. The intervenors' claims fit into categories (2) and (3), respectively; Brenda's claim falls to category (9).

■ Brenda argues that the newly discovered funds should, in fairness, escape the priority scheme of section 633.425. The crux of her claim is that, but for Aaron's fraudulent concealment, she *would have* secured her interest in the funds before his death. Like the district court, however, we are convinced Brenda's claim rests entirely on speculation. She provides no persuasive proof as to how she would have secured such a lien. Significantly, the parties' dissolution of marriage decree specifically awarded Aaron his pension plan proceeds. Nothing in the

court's subsequent contempt order suggests the court would have attached those funds for Brenda's benefit had they been available.

■ We thus turn to Brenda's claim the estate holds the funds in constructive trust, outside probate, for her benefit. We accept as true Brenda's allegation that Aaron fraudulently concealed his assets to avoid paying child support. Given that, Aaron's claimed insolvency is analogous to concealment by a fraudulent transfer.[3] Contrary to Brenda's claim that fraudulent transfers should be accorded special status, Iowa Code section 633.368 provides that

> property liable for the payment of debts and charges against a decedent's estate *shall include all property transferred by the decedent with intent to defraud the decedent's creditors or any of them,* or transferred by any other means which is in law void or voidable as against the creditors or any of them. . . .

Iowa Code § 633.368 (emphasis added). The statute further provides that property recovered by the estate "shall constitute general assets for the payment of all creditors." *Id.* Thus, we conclude, the preference classifications of section 633.425 control distribution of the asset once the cloak of fraud is lifted.

■ Our conclusion is consistent with the long-settled rule that the "diligent creditor" who exposes the fraud cannot take "first place in the race of creditors." *Marion County Nat'l Bank v. Smith,* 205 Iowa 203, 207, 217 N.W. 857, 859 (1928). "There can be no race of creditors after the death of the debtor. In such event, his property all passes to his administrator, and must be distributed to creditors pursuant to the requirements of the statute." *Id.*

■ In Brenda's earlier litigation with the *Lau* estate, she prevailed because—as a secured creditor—she was able to enforce her

---

**2.** The intervenors have cross-appealed the district court's rejection of their accord and satisfaction argument. Given the disposition of the case, we need not address that claim.

**3.** Brenda essentially accuses Aaron of transferring funds from an identifiable pension account to a cashier's check, drawn from a subsequently closed bank account, in order to appear insol-

vent. *Cf.* 37 Am.Jur. *Fraudulent Conveyances* § 11, at 702 (1968) ("Among the commonly recognized indicia of fraud is the transfer of property by a debtor in anticipation of a suit against him, or while suit against him is pending, especially where the transfer renders the debtor insolvent or greatly reduces his estate." (Footnotes omitted.)).

judgment liens against estate property to which they attached. *Estate of Lau,* 442 N.W.2d at 111. We held that the preference provisions of section 633.425 "would only apply if claimant sought to have her claims satisfied with estate assets on which she did *not* have a lien." *Id.* (emphasis added). Brenda faces that circumstance here. Having failed to secure a judgment lien against pension funds or bank accounts held by Aaron during his lifetime, she is relegated to the rank of unsecured creditor, to whom the preference provisions of section 633.425 apply. Her plea for equitable relief is plainly inconsistent with the legislative priorities established by statute.

We therefore affirm the district court, directing that $17,868.73 held by the estate must be distributed pursuant to the classifications of section 633.425.

**AFFIRMED.**